---
Bull *v.* Willard.
---

---

SAME TERM. *Before the same Justices.*

## BULL *vs.* WILLARD.

Contracts for the sale of land are, in their nature, executory; and generally, the acceptance of a deed, in pursuance of a contract, is *prima facie* an execution thereof, and the rights and remedies of the parties are to be determined by the deed, and the agreement thenceforth becomes void, and of no further effect. But parties may enter into covenants collateral to the deed; and cases may arise in which the deed would be regarded as only a part execution of the contract, where the provisions of the two instruments clearly manifest such to have been the intention of the parties.

It frequently becomes a nice and difficult question to determine whether covenants contained in an agreement for the sale of land, are collateral to those providing for the execution of the deed, or are so connected with it as to be at an end, and become merged or satisfied in the execution of the deed. *Per* WELLES, P. J.

The true criterion upon that question is, that the covenant, in order to be deemed collateral and independent, so as not to be destroyed by the execution of the deed, must not look to, nor be connected with the title, possession, quantity, or emblements of the land which is the subject of the contract. If it does so, the execution of the deed, in pursuance of the contract, will operate as an extinguishment of it.

An agreement was made between the plaintiff and defendant, by which the latter, upon certain payments being made by the plaintiff, was to convey to him a certain quantity of land therein described. And the defendant further covenanted and agreed, that he would redeem that part of the land (amounting to about 17 acres) which had been sold for taxes; and that if it should be redeemed by the plaintiff, the amount paid by him should apply

Bull *v.* Willard.

as so much paid on the contract; and that if the land could not be redeemed, a deduction should be made from the contract. *Held*, that this covenant was inserted for the benefit of the vendee, for the purpose of removing an incumbrance then resting upon a portion of the premises, and that it looked solely to the title which the purchaser was to receive. That the defendant was legally bound to make the redemption; and the title to the 17 acres having been lost, by his neglect to redeem, *held also*, that the plaintiff was not bound to pay for that part of the land, nor to take a deed including it.

*Held further*, that the vendee having voluntarily paid the purchase money for the 17 acres as well as for the rest of the land, and demanded and received a deed for the whole, he could not maintain an action upon the contract, to recover the value of the 17 acres sold for taxes; his only remedy being upon the covenants in his deed.

COVENANT, tried at the Steuben circuit, in December, 1848, before MARVIN, justice. Upon the trial the plaintiff gave in evidence a contract, or agreement in writing, between the parties, under their seals, bearing date June 13th, 1836, by which the defendant agreed to sell to the plaintiff three certain parcels of land in Steuben county; one of $85\frac{73}{100}$ acres, one of $47\frac{1}{2}$ acres, and one of $148\frac{93}{100}$ acres, and to convey the same to the plaintiff, his heirs or assigns, by a good and sufficient deed in the law, in fee simple, upon performance by the plaintiff of the covenants therein contained on his part to be performed. The defendant then covenanted in and by said contract or agreement as follows: "The said party of the first part (the defendant) further covenants and agrees with the party of the second part (the plaintiff) to redeem that part or parts of said lots which has been sold for taxes, amounting to about seventeen acres, and if redeemed by the party of the second part, the amount paid by him shall apply as so much paid on this contract, and if the same can not be redeemed, to be deducted from this contract." The contract then provided for the payment by the plaintiff, to the defendant, of the purchase money, amounting to $846,45; $100 to be paid down, and the balance in six annual payments, from date, with annual interest; the plaintiff to pay all taxes, &c.; and finally, that a failure by the plaintiff to perform any or either of the covenants on his part, should excuse the defendant from conveying the premises as before provided.

Bull *v.* Willard.

Upon this contract were various indorsements, signed by the defendant, of payments, amounting in the aggregate to the whole of the purchase money and interest. The contract had been assigned by the plaintiff to Robert L. Underhill, and by Underhill to Reuben Robie. The first assignment bore date April 10th, 1842; and the other was dated in June, 1842. There was also indorsed upon it the following: " Received, Bath, 7th Dec. 1843, from Stephen Willard, the deed mentioned in the within contract."

The plaintiff's counsel next read in evidence a deed executed by the defendant and wife to the said Reuben Robie, dated June 26th, 1843, conveying, with a covenant of warranty, to said Robie, the whole of the premises described in the contract, including the parts thereof sold for taxes, in consideration of $846,45, as expressed in the deed; which deed was duly acknowledged, and was recorded in the office of the clerk of Steuben county, December 7th, 1843. The defendant's counsel next read in evidence the record of a deed from Bates Cook, comptroller of the state of New-York, to Henry Crossman, dated September 13, 1839, and recorded in the clerk's office of the county of Steuben, November 11th, 1842, conveying to said Crossman, in consideration of $4,08, the premises therein described, which were eight acres out of one of the parcels embraced in the contract, and nine acres out of another of said parcels, which deed recited a sale of said premises by the comptroller for arrears of taxes, in March and April, 1834.

The plaintiff's counsel then proved by a witness, that he, the witness, was present when Robie demanded a deed from the defendant, and was about proving, and offered to prove, that at the time Robie presented the deed to the defendant for execution, he demanded of him payment of the value of the land which had been sold for taxes, and that Robie distinctly told him that he would not receive the deed in full performance of the contract, but would hold him liable for the value of the land which had been sold for taxes. And that at the time the deed was delivered to him, Robie told the defendant that he would not receive the deed in full performance of the covenants contained in the

Bull *v.* Willard.

contract, but that he would receive it as part performance there-
of; and that he would not deliver up or discharge the contract
until the defendant paid him the money for the value of the land
which had been sold for taxes. That the defendant left the
deed with Robie, and insisted that he should give up the con-
tract, and that Robie refused so to do, and in the presence of
Willard indorsed the receipt of the deed on the contract. That
after Robie had paid the balance due on the contract to the
defendant, he (Robie) purchased the lands sold for taxes, of
Crossman, on the 4th day of October, 1843, for $42,50. The
evidence so offered was objected to by the defendant's counsel,
and excluded by the circuit judge, and the plaintiff's counsel
excepted.

The plaintiff neither giving nor offering further evidence, was
nonsuited.

A motion was now made to set aside the nonsuit, and for a
new trial.

*E. Howell,* for the plaintiff.

*Robert Campbell,* for the defendant.

*By the Court,* Welles, P. J. The principal, if not the only
question, in this case is, whether accepting the conveyance of
the premises described in the contract, including the part which
had been sold for taxes, by Robie, who had succeeded to Bull's
interests, and for whose benefit this action is brought, is to be
deemed, under the circumstances, a full execution, on the part
of the defendant, of the contract. Contracts for the sale of land
are in their nature executory, and generally, the acceptance of a
deed in pursuance of their stipulations is *prima facie* an execu-
tion of the contract, and the agreement thereby becomes void
and of no further effect. Parties may nevertheless enter into
covenants collateral to the deed, and cases may arise in which
the deed would be regarded as only a part execution of the con-
tract, where the provisions of the two instruments clearly mani-
fest such to have been the intention of the parties. But the

*prima facie* presumption of law, arising from the acceptance of the deed is, that it is an execution of the whole contract, and the rights and remedies of the parties, in relation to the contract, are to be determined by the deed, and the original agreement becomes void. (*Houghtailing* v. *Lewis,* 10 *John. R.* 297.) It frequently becomes a nice and difficult question to determine whether covenants contained in an agreement for the sale of land, are collateral to those providing for the execution of the deed, or are so connected with it, as to be at an end and become merged or satisfied in the execution of the deed. I have not been able to fix upon a better criterion, upon that question, than that the covenant, in order to be deemed collateral and independent, so as not to be destroyed by the execution of the deed, must not look to, or be connected with the title, possession, quantity or emblements of the land which is the subject of the contract; and that if it does so, the execution of the deed, in pursuance of the contract, will operate as an extinguishment of it; and I am disposed to put this case upon that ground, and decide it by that rule.

It becomes important, therefore, to look at the contract in this case, or that part of it in particular, for the violation of which, the plaintiff complains. It is an agreement between the parties, by which the defendant is, upon certain payments being made, to convey to the plaintiff 282 $\frac{15}{100}$ acres of land therein described, consisting of three lots or parcels. The contract, then, contains the following clause: "The said party of the first part (the defendant) further covenants and agrees with the party of the second part (the plaintiff) to redeem that part or parts of said lots which has been sold for taxes, amounting to about seventeen acres; and if redeemed by the party of the second part, the amount paid by him shall apply as so much paid on the contract; and if the same can not be redeemed, to be deducted from this contract."

This provision was obviously inserted for the benefit of the vendee, for the purpose of securing a good title, or rather, for the purpose of removing an incumbrance then resting upon a portion of the premises. It looked solely to the title which the

vendee was to receive to the land. It provided for the plaintiff's redeeming, in case the defendant neglected to redeem. I do not say that this left the defendant at liberty to neglect to redeem, and apply the amount the plaintiff should have to pay, as payment on the contract. I incline to think it did not; and that he was legally bound to make the redemption if it could be done; and if it could not be done, then a deduction was to be made. I mention it to show that reasonable provision was made to secure the plaintiff from loss, in case the defendant made default in redeeming. He neglected to avail himself of it, as I think he had a right to do; and as it did not appear that the part sold for taxes could not be redeemed, but on the contrary, we know that the law secured to the defendant, if not to the plaintiff, the right to redeem; and the title to the seventeen acres, if the comptroller's deed gave a title, was lost by the defendant's neglect; the plaintiff, or Robie, his assignee, was not bound to pay for that part of the land, or take a deed including it, unless it had been redeemed. But the bill of exceptions shows that Robie demanded and received a deed for the whole; and that the payment of the purchase money was voluntary, as well for the seventeen acres, as for the rest. When the deed was delivered, (assuming the proof offered and excluded, to have been given,) the parties to it disputed about the effect of the deed upon the contract; Robie insisting that it was not received in full, but only in part performance of the contract, and demanding pay for the seventeen acres sold for taxes; and the defendant insisting that the contract should be given up. I do not regard the declarations of the parties at that time of any importance upon the question whether the execution and delivery of the deed by the defendant and its acceptance by Robie, was a satisfaction or extinguishment of the previous contract. The question is not one of intention of the parties, but of strict law, as to the effect of the acceptance of the deed by Robie. It is not denied that he received it, or that there was a full, unconditional, and complete delivery. I think the proof offered, was properly excluded.

The deed contained a covenant of warranty, which would have

given the plaintiff a remedy in case of eviction.  I think after he accepted the deed, that was his only remedy.  Whether he has lost that by buying in the seventeen acres, it is not necessary to decide.

The motion to set aside the nonsuit, should be denied.

