Ware *v.* Westfall.

---

## WARE *vs.* WESTFALL.

By a written contract, executed by the plaintiff and defendant, the former agreed to sell to the latter certain real estate, to be conveyed at a future day, and the defendant agreed to pay $2000 therefor, by assuming incumbrances then existing upon the premises to the amount of about $1100, paying $100 in cash, and by executing notes or a mortgage, at the option of the plaintiff, for the balance, at the time of the execution and delivery of the deed. The plaintiff subsequently executed and delivered the deed, and elected to take a mortgage on the premises, for the balance of the purchase money. The defendant executed and delivered the mortgage, paid the $100, and entered into possession. In an action by the plaintiff to recover the balance remaining due upon the contract; *Held* that the acceptance of the mortgage executed by the defendant must be deemed to have been in satisfaction of the contract, which was thenceforth at an end ; that a failure by the defendant to make the payments, according to the terms of the mortgage was no breach of the contract, for which an action would lie ; but that the plaintiff's remedy was upon the mortgage.

APPEAL from a judgment of the Monroe county court. The complaint alleged that on the 9th of November, 1852, the plaintiff contracted to sell to the defendant a tavern-house and the land on which it stood, for the sum of $2000 ; and that the parties made and executed an agreement, under their hands and seals, as follows :

"Memorandum of an agreement between Murvin Ware and Joseph Westfall, both of the town of Greece, state of New York, made this 9th day of November, 1852. The said Ware agrees to sell to the said Westfall, the tavern house now occupied by him in the town of Greece, and the lot on which it stands, containing about one acre, it being the same land which was deeded to him by Hiram Andrews, and also eight bunches of shingles ; and the said Ware agrees to give possession of the above described premises, on or before the first day of December next, on condition that the said Westfall shall fulfill the conditions hereinafter specified ; and the said Westfall hereby agrees to pay the said Ware the sum of two thousand dollars, as follows : one hundred dollars on or before the twenty-fifth day of November next, and the remainder in two equal annual payments with interest on the sum due after deducting from the above named sum to be paid, all the incumbrances on the said premises, which the said Westfall agrees to assume. And if the said Westfall shall make the first payment as above specified, then the said Ware agrees to give to said Westfall a good warrantee deed, to be executed by him and his wife, of the above premises, on or before December 1st, 1852 ; the above payments, due to Ware, to be secured by notes or mortgage, at the option of said Ware. To the above stipulation, the within named parties bind themselves under the penalty of two hundred dollars liquidated damages, to be paid by him who shall fail to fulfill this agreement.

Given under our hands and seals, the day and year above named.

MURVIN WARE.     [L. S.]
JOSEPH WESTFALL. [L. S.]"

The plaintiff further alleged that after the said agreement

was executed it was delivered by the parties thereto, to one Samuel B. Bradley for the use and benefit of both of said parties; that in pursuance of said agreement, the defendant on or about the 2d day of December, 1852, paid to the plaintiff, $100; that previous thereto and on the 24th day of November, 1852, the plaintiff in pursuance of said agreement, made and executed the deed for the premises mentioned in said agreement, which was also executed by the wife of the plaintiff, and delivered the same to the defendant; and, that on or about the 1st day of December, 1852, the plaintiff delivered possession of said premises to the defendant, which deed and possession was accepted by said defendant; that after deducting the incumbrances on said land, there remained due the plaintiff from the defendant, for the purchase money for the said premises, the sum of $932.07; and that, by the terms of said agreement, $100 of that sum was to be paid on the 25th day of November, 1852, and the balance was to be paid in two equal annual payments, with annual interest on the whole sum. And the plaintiff alleged that on the 24th day of November, 1852, the defendant executed and delivered to him the said plaintiff, a mortgage on said premises, without any bond to secure the payments; that there was now due to the plaintiff from the defendant upon the contract, the sum of $435.72, with interest from the 1st day of November, 1852, which sum the defendant had not paid to the plaintiff, or any part thereof. Whereupon the plaintiff demanded judgment against the defendant for the sum of $435.72, with costs.

The defendant, by his answer, denied each and every allegation in the complaint contained. And he alleged for a second defense, that the pretended contract, set up in the complaint, so far as the same might or could be obligatory upon him, had been fully kept, and in all respects well, faithfully and fully performed by the defendant before and up to the commencement of this action; and that all the covenants and undertakings of the defendant in said contract, had been fully kept and performed by him.

The following facts were agreed upon by stipulation between

the attorneys for the respective parties. 1st. That the $100 named in the agreement, set out in the complaint, was paid by the defendant, and accepted and received by the plaintiff. 2d. That the plaintiff elected to take a mortgage on the premises therein described, to secure the amount to be paid to said Ware. 3d. That no bond was executed by the defendant and delivered to accompany said mortgage. 4th. That the defendant took possession of the premises and had not paid the mortgage or any part thereof, and the plaintiff still held said mortgage.

The cause having been submitted upon the pleadings and the above stipulation, the court held that the plaintiff was entitled to judgment, and judgment was accordingly perfected for $503.62, from which judgment and decision of the county court, the defendant appealed.

*W. F. Cogswell,* for the appellant.

*C. H. Clark,* for the respondent.

*By the Court,* JOHNSON, J. The contract, which was in its nature executory, has been fully performed by both parties, and neither can maintain an action upon it, against the other. The plaintiff was not bound to convey until the first payment was made. When that was made and he had conveyed, his obligation under the contract was performed.

When the defendant was called upon to perform on his part as to the residue, it was at the plaintiff's election whether he would have the remaining payments secured by notes or by mortgage. He elected to take the latter, and when this was executed by the defendant and delivered to and accepted by the plaintiff, the defendant had done every thing which the contract contemplated. The acceptance of the mortgage must be deemed to have been in satisfaction of the contract. (*Bull* v. *Willard,* 9 *Barb.* 641. *Houghtaling* v. *Lewis,* 10 *John.* 297. *Howes* v. *Barker,* 3 *id.* 506.) There are no collateral covenants. The plain intention of this part of the contract was, to fix the amount to be paid, and to provide in what manner the

future payments should be secured.    When the securities were
given, according to the terms, and accepted, the contract was
at an end.    It was then performed on both sides, and there
could be no breach afterwards which would be the subject of
an action.    The failure to make payments according to the
terms of the mortgage was no breach of the contract    The
mortgage, when taken, was in fulfillment of the contract, and
not collateral to it, as is assumed by the plaintiff's counsel.    It
became the debt as much as would the notes, had the plaintiff
elected to take them instead of the mortgage, or a bond, had
that been provided for, in addition to the mortgage.    The remedy
was upon the mortgage and not upon the contract; and the
judgment below must be reversed.

[MONROE GENERAL TERM, December 3, 1855.    *Welles, Selden* and *Johnson,*
Justices.]