# FIFTH DEPARTMENT

AT

# GENERAL TERM

## June, 1888.

49h     1
38 Mis¹346

GEORGE GERHARDT, Respondent, *v.* ERNST SPARLING, Appellant.

*Action on a contract for the sale of land, after an acceptance of the deed thereof — a deficiency in the number of acres mentioned in the contract is not a ground therefor*

In an action, brought upon a written contract, by which the defendant agreed to sell his farm of two hundred and forty-six acres of land, known as the Scott farm, to the plaintiff, it appeared that, at the plaintiff's request, a conveyance had been made of the premises in question to the plaintiff's wife, in which the land was described by metes and bounds, the description ending with the statement " containing two hundred and forty-six and ninety one-hundredths of an acre of land, be the same more or less," and that the plaintiff and his wife entered into possession of the premises under such deed and thereafter discovered the fact that the farm contained but 230.75 acres.

An action was, thereupon, brought to recover the purchase-price for such portion of the number of acres alleged in the contract as the farm did not contain.

*Held,* that the covenants of a contract for the sale of land, in order to be deemed collateral and independent, so as not to be destroyed by the execution and acceptance of a deed, must not look to or be connected with the title, possession, quantity or emblements of the land which is the subject of the contract. If it does, the execution and acceptance of a deed, in pursuance of the contract, will operate as an extinguishment of the latter.

APPEAL by the defendant from a judgment, entered upon a verdict directed by the court at the Genesee Circuit, and from an order of the court denying a motion for a new trial.

*Tyrrell & Ballard*, for the respondent.

*George Bowen*, for the appellant.

HAIGHT, J. :

The defendant entered into a written contract to sell his farm, in the towns of Elba and Byron, Genesee county, known as the Scott farm, consisting of 246 acres of land, to the plaintiff for the consideration of $16,000, $5,000 to be paid down at the delivery of the deed; $6,000 to be paid by the assuming of a mortgage upon the farm, and the balance, $5,000, to be secured by bond and mortgage. At the time agreed upon the deed was executed and delivered by the defendant and his wife to the plaintiff's wife, he having directed the deed to be taken in her name, in which deed the lands are described by metes and bounds and the description winds up with the statement : " Containing two hundred forty-six and ninety one-hundredths of an acre of land, be the same more or less." The plaintiff and his wife entered into possession of the premises under the deed, and sometime thereafter discovered the fact that the farm contained but 230.75 acres. This action was brought to recover the purchase-price for such deficiency.

The complaint sets forth the contract, the breach thereof, and also contains, in a third count, an allegation to the effect that the defendant, as the plaintiff believed, fraudulently represented that the farm contained 246 acres of land, and induced the plaintiff to enter into the contract and accept the deed, relying upon such representations. It winds up with the further allegation that " By reason of the said deficiency, and on account of the breach of said contract, this plaintiff has suffered damage to the extent of two thousand dollars," for which sum he demands judgment, etc. It seems probable that the plaintiff himself understood, from the final allegation, that he considered the complaint one upon the breach of contract and not in fraud. Should we hold that the complaint was founded upon fraud, a new trial would be necessary, for the reason that the verdict was directed by the court; and the question as to whether the

defendant made false representations in reference to the quantity of the land, knowing it to be false or having reason to believe it to be false, would, under the evidence in this case, be a question of fact for the jury. (*Chester* v. *Comstock*, 40. N. Y., 575, note.)

Assuming, therefore, that the complaint was for a breach of contract, it becomes necessary to determine whether the verdict directed by the court can be sustained upon that theory. The general rule is that a prior executory contract becomes merged in the final contract, and where there is a preliminary contract for the sale of land, providing for the subsequent giving of a deed therefor, that by the execution, delivery and acceptance of the deed the prior contract becomes merged in the provisions of the deed and no longer exists for the foundation of an action. There are, however, exceptions to this rule which we shall subsequently consider. The contract, it will be observed, describes the farm as containing 246 acres; the deed describes the land by metes and bounds, courses and distances, and as containing 246.90 acres of land, be the same more or less. Whilst the contract is a representation that the farm contained 246 acres, the deed is not, for by the term "more or less," we are led to understand that the grantor did not intend to contract for the conveyance of that exact number of acres; but that it is to be the land embraced in the description, whether it contained that number of acres or more or less than that number. So that there is nothing embraced in the provisions of the deed from which the action can be maintained. It must, therefore, rest upon the provisions of the prior contract, and that leaves us to determine whether or not that contract was merged in the deed.

In the case of *Bull* v. *Willard* (9 Barb., 641) the rule, as stated by the court, was to the effect that contracts for the sale of land are in their nature executory, and generally the acceptance of a deed, in pursuance of a contract, is *prima facie* an execution thereof; and the rights and remedies of the parties are to be determined by the deed, and the agreement thenceforth becomes void and of no further effect; but parties may enter into covenants collateral to the deed, and cases may arise in · which the deed would be regarded as only a part execution of the contract where the provisions of the two instruments clearly manifest such to be the intention of the parties; that the covenant, in order to be deemed

collateral and independent, so as not to be destroyed by the execution of the deed, must not look to nor be connected with the title, possession, quantity or emblements of the land which is the subject of the contract; if it does the execution of the deed, in pursuance of the contract, will operate as an extinguishment of it.

In the case of *Witbeck* v. *Waine* (16 N. Y., 532), the agreement was for a sale of a farm at the price of $7,200, the deed to be executed by the vendor on the payment of $5,200, and the execution of a mortgage by the vendee to secure the payment of the remaining sum in a year thereafter. The contract contained a provision that if the farm should exceed or fall short of 130 acres, the vendee would pay or the vendor would repay for the excess or deficiency at the average price per acre at which the farm was sold. At the time the deed was delivered, the contract was delivered to the vendee with the intent, declared at that time, that the vendee might have his remedy in case the land should fall short of 130 acres. DENIO, J., in delivering the opinion of the court, says that " The language of the contract is precise to show that the sale was by the acre and not for a gross sum, without regard to the contents of the farm. The only question, therefore, is whether the plaintiff forfeited the right to a deduction for the deficiency, by accepting a deed which, in its terms, imports a sale of the premises for seven thousand two hundred dollars, whether it should contain one hundred and thirty acres, or more or less than that quantity. Unless there is a sound distinction between the present case and those which were referred to by the defendant's counsel, we must hold the law to be that the delivery and acceptance of the conveyance, canceled and extinguished the prior executory agreement, and that it cannot be any longer resorted to to ascertain the terms upon which the land was sold. It is a general rule of evidence, as well settled as it is salutary, that a written contract, executed between parties, supersedes all their prior negotiations and agreements upon the same subject. This is especially true where the final contract is an executed one, and those which precede it were in their nature executory, and looked for their consummation to the conveyance afterwards to be made." But, under the circumstances of that case, and the fact that the contract was delivered to the vendee at the time the deed was executed, in order that he

might have his remedy in case the land should fall short, it was held that the action could be maintained.

In the case of *Murdock* v. *Gilchrist* (52 N. Y., 242), the contract was for the purchase of certain premises which were represented and supposed to contain 100 acres, at forty-four dollars per acre. Prior to the delivery of the deed the vendee, relying upon the representation, paid $4,400, the entire purchase-price. The deed stated the consideration at $4,400, and recited that the land described contained ninety-eight and twenty-six one hundredths acres, more or less. Upon discovering this statement in the deed, the defendant's attention was called thereto, and it was then and there agreed that the quantity of land should be subsequently ascertained and the purchase-money adjusted upon the basis of the contract, and with that understanding the deed was accepted. It was subsequently determined that the farm contained only eighty-nine acres, and it was held that, under those circumstances, the action could be maintained. ANDREWS, J., however, in delivering the opinion of the court, says : " The general rule is well settled and it is a reasonable and salutary one, that when a preliminary contract for the sale of land has been executed by a conveyance, any inconsistencies between the contract and the deed are to be explained and governed solely by the latter, which is presumed to contain the final agreement of the parties."

In the case of *Wilson* v. *Randall* (67 N. Y., 338) there was a contract for the sale of lands containing fifty-four and fifteen one hundredths acres, be the same more or less, for the sum of $350 per acre. When the deed was executed the grantor claimed that the surveyor had made a mistake, that there was, in fact, fifty-six and fifteen one hundredths acres. The purchase-price of that quantity, at the agreed price of $350 per acre, was inserted as the consideration in the deed and was paid. The deed contained the words : " Containing fifty-six and fifteen one hundredths acres of land, be the same more or less." There was, in fact, but forty-eight and forty-seven one hundredths acres. It was held that the sale was by the acre and not by the piece, and that the plaintiff could recover for the excess paid by him. ANDREWS, J., in delivering the opinion of the court, restates the rule as stated in the cases already referred to, and places the decision of the court upon the representation that was made at the time the deed was delivered, in which the quantity was stated

at a larger amount than in the contract, the grantor claiming that there was a mistake in the computation by the surveyor of two acres, and that thereupon an additional sum of $350 per acre was added to the purchase-price, indicating that the parties understood that the sale was by the acre at an agreed sum per acre, and that it having turned out that there was a mistake in the number of acres, a recovery was proper. (See, also, *Jackson* v. *Camp*, 1 Cow., 610; *Houghtaling* v. *Lewis*, 10 Johns., 297.)

In the case of *Bennett* v. *Judson* (21 N. Y., 238), the action was for fraud, based upon false and fraudulent representations in respect to the location and quality of western lands; and in the case of *Paine* v. *Upton* (87 N. Y., 327), the action was to reform the contract on the ground of mutual mistake. Of course, the last two cases, under the complaint in this action, have no application.

The trial court held, and so charged, that there was no sale by the acre in this case. The evidence in reference to the conversation about the quantity of the land at the time the deed was delivered is controverted by the defendant, so that if it were material it would raise a question for the jury. But under the view which we take of the case, it did not bring it within the exceptions to the rule to which we have called attention. We are, consequently, of the opinion that the contract was merged in the deed; that the evidence appearing in the appeal book does not justify a finding that the land was sold by the acre, and that there was, consequently, no breach of the covenants contained in the deed.

The judgment and order should be reversed, and a new trial granted, costs to abide event.

BRADLEY and DWIGHT, J.J., concurred.

Judgment and order reversed, and new trial granted, costs to abide event.