74h 533
d 38 Mis²345

JOSEPH BACHARACH, Appellant, *v.* CHARLES VON EIFF, Respondent.

*Deed — covenant against incumbrances — affected by notice of the existence of a release of easements to an elevated railroad.*

Easements which have been extinguished cannot be appurtenant to an estate or follow a conveyance thereof.

A purchaser of real estate, under a deed containing a covenant that the premises are free from incumbrances, given under a contract calling for a general warranty deed, cannot be heard to complain, in an action brought by him against the grantor to recover damages for an alleged breach of the covenant against incumbrances, that he did not get the easements that he expected to, because of the existence, in front of the premises, of an elevated railroad, to which the grantor had executed a release of easements, where the plaintiff knew, at the time of making his contract and taking his deed, that the easement was in the actual use and occupation of the railroad company, and thus had notice that the railroad company had some claim of right to the easement and that it was partially extinguished.

APPEAL by the plaintiff, Joseph Bacharach, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the city and county of New York on the 3d day of November, 1893, upon an order made at the New York Special Term on the 1st day of November, 1893, overruling the plaintiff's demurrer to new matter in the answer and directing judgment absolute for the defendant.

The action was brought to recover damages for an alleged breach of the covenant against incumbrances contained in a deed of conveyance given by the defendant to the plaintiff.

*B. Lewinson*, for the appellant.

*Henry Meyer*, for the respondent.

VAN BRUNT, P. J. :

The complaint in this action alleges a contract between one Beran and the defendant for the purchase of premises No. 347 Greenwich street ; that by this contract a general warranty deed was to be delivered ; that Beran assigned the contract to plaintiff ; that plaintiff paid the consideration named in the contract to the defendant, and on or about December 1, 1891, the defendant conveyed the premises to the plaintiff ; that in and by the deed of conveyance the defend-

ant covenanted " that the said premises are free from incumbrances " (except a mortgage and lease therein referred to); that defendant violated his said contract and said covenant in his deed to plaintiff, in that said premises were not free and clear from all incumbrances, in that there existed immediately in front of said premises an elevated railway, which railway interferes with the beneficial use and enjoyment of the premises, and that the defendant has executed an instrument under seal releasing all claims against said railway which he might have as owner of the premises conveyed.

The answer admits the contract, the deed and the covenant in the deed, denies violation of the covenant, and alleges as and for an additional defense that the Manhattan Railway Company was in lawful possession of the elevated iron structure, and lawfully operated the steam railway mentioned in the complaint past and in front of said premises at the time of the making of said contract and the assignment thereof, and the execution of the deed, and that such possession and operation of said railroad was actual, open, visible and notorious and well known to the plaintiff and Beran.

To this additional defense the plaintiff demurred upon the ground that it was insufficient in law upon the face thereof.

Upon the trial of this demurrer the defendant attacked the plaintiff's complaint, and the court having held the complaint bad, gave judgment absolute for the defendant; and from the judgment thereupon entered this appeal is taken.

It seems to us that much learning has been wasted and much confusion produced in the consideration of the questions arising upon this demurrer, from the failure to notice the paucity of allegation in the complaint, and the fact that easements which do not exist cannot be appurtenant to an estate.

The complaint nowhere intimates that any part of the demised premises are subject to any incumbrance, but simply alleges that immediately in front of said premises, whether in the public street or upon other land the complaint does not inform us, a railway is erected and operated, which railway interferes with the beneficial enjoyment of the premises of the plaintiffs, and that the defendant has executed an instrument under seal, a copy of which is annexed to the complaint, upon reference to which instrument it is found to be a release and conveyance of all such easements, etc., as might be

necessary for the elevated railway structure and the operation of the railway. There is, however, no allegation that there were any easements appurtenant to this land which was conveyed, and we cannot assume that there were. But even if it had been alleged in this complaint that this lot fronted on Greenwich street, and that appurtenant to such lots there is usually an easement of light, air and access from the street, which passes upon the conveyance of the premises, in view of the allegations in the answer, would the situation have been changed? We think not. Undoubtedly all easements appurtenant to premises follow a conveyance thereof. But when an easement has been extinguished there is nothing to follow the conveyance of the premises.

The allegation in the answer is that the plaintiff knew at the time of making his contract and taking his deed that this easement was in the actual use and occupation of the railway company. This was notice to him that the railway had some claim of right to this easement, and that it was partially extinguished; and if he took his conveyance with this notice he cannot now be heard to complain that he did not get as much easement as he expected to do. He got all there was, and that is all that the defendant covenanted to give him. One piece of property may have more easements appurtenant to it than another piece; and if no easement is appurtenant none can follow a conveyance, as has already been said. There is no covenant in the deed as to what the appurtenances are; but all that existed at the time of the conveyance were conveyed and no more.

The judgment appealed from should be affirmed, with costs.

If the plaintiff desires to amend his complaint he should be allowed to do so upon payment of the costs of appeal and costs of the court below.

FOLLETT, J., concurred.

Judgment affirmed, with costs; if the plaintiff desires to amend his complaint he should be allowed to do so upon payment of the costs of appeal and costs of the court below.