(38 Misc. Rep. 344.)

### MARVIN v. BERNHEIMER et al.

(Supreme Court, Special Term, New York County. June, 1902.)

1. SALE OF LAND—CONTRACT—RIGHTS OF VENDEE—EASEMENTS.

　　On a contract to sell land abutting on an elevated railroad, money received by the owner between the making of the contract and the delivery of the deed for easements appurtenant to the land belonged to the purchaser, and his assignee may sue the vendors to impress a trust therefor on such moneys.

Action by Alfred H. Marvin against Simon E. Bernheimer and Josephine Schmid to impress a trust on moneys received. Judgment for plaintiff.

Erdman, Levy & Mayer (Milton Mayer, of counsel), for plaintiff. Ashbel P. Fitch (Grant C. Fox, of counsel), for defendant Schmid. Rose & Putzel, for defendant Bernheimer.

STECKLER, J. The question for decision in this case is whether a vendor in a contract to sell land on the line of the elevated railroad is bound to convey to the vendee, not only the land agreed to be sold, but also all easements appurtenant thereto owned by the vendor at the time of the making of the agreement. The contract herein is dated March 16, 1898, and by its terms the defendants agreed to convey to the plaintiff's assignors, December 1st following, five lots of land, free from incumbrances, on the easterly side of Columbus avenue, between 107th and 108th streets, abutting on the elevated railroad. Before the time fixed for the delivery of the deed, and on October 26, 1898, the defendants delivered to the elevated railroad a conveyance and release of the easements appurtenant to the premises interfered with by the railroad, and in consideration thereof, and of the rental damage already inflicted, defendants received a sum in excess of $2,000. The conveyance and release was not recorded. Neither at the time of the execution of the contract nor at the delivery of the deed to plaintiff's assignors was any representation made by defendants as to the ownership of the easements possessed by the railroad, and the vendees knew that the railroad was constructed and operated in front of the lots.

From the date of the making of the contract plaintiff's assignors were the equitable owners of the land agreed to be sold, and on equitable principles the vendors stood seised of the land for the

benefit of the purchasers. Williams v. Haddock, 145 N. Y. 150, 39 N. E. 825. A grant of land abutting on the elevated railroad carries with it all the easements appurtenant to the premises, and the right to recover damages for subsequent injuries thereto passes to the grantee. Shepard v. Railroad Co., 169 N. Y. 160, 62 N. E. 151. The easements conveyed by the defendants before the delivery of the deed to plaintiff's assignors were therefore incidental to the land contracted to be sold; the defendants held the legal title to those easements, as well as the legal title to the land to which the easements were appurtenant, for the benefit of the vendees; and the conveyance and release to the elevated railroad, as between the vendors and the vendees, was wrongful and unauthorized. In support of their claim that the vendors' rights were not violated by the conveyance to the elevated railroad, defendants cite Bacharach v. Von Eiff, 74 Hun, 533, 26 N. Y. Supp. 842, and Ward v. Railroad Co., 152 N. Y. 39, 46 N. E. 319.

In the Bacharach Case a vendee of real property on the line of the elevated railroad sued for damages for breach of a covenant against incumbrances contained in defendant's deed to him, and the complaint alleged that defendant violated his contract and covenant because there was an elevated railroad in front of the premises, which railway interfered with the beneficial use and enjoyment of the premises, and that the defendant had released the railroad company from all claims which he might have against the property. As a defense the defendant pleaded that at the time of the making of the contract of sale the elevated railroad was in lawful possession of the structure, and lawfully operated its railway thereon, and that such possession and operation was notorious and visible to the plaintiff. To the defense plaintiff demurred, whereupon the defendant attacked the complaint, and the court below held the complaint bad, and gave defendant judgment. It did not appear from the complaint when the defendant in that case conveyed the easements, whether before or after making the contract. The absence of an allegation that the easements were released intermediate the contract and conveyance materially distinguishes that case from this one. The general term affirmed the judgment, and Van Brunt, P. J., writing the opinion of the court, said:

"He [the plaintiff] got all there was, and that is all the defendant covenanted to give him. One piece of property may have more easements appurtenant to it than another piece; and, if no easement is appurtenant, none can follow a conveyance, as has already been said."

See Webster v. Trust Co., 80 Hun, 421, 30 N. Y. Supp. 357.

In the Ward Case it appeared that a prior owner of realty abutting on the elevated railroad had released all easements or rights appurtenant to the premises which had been taken or were affected by the maintenance and operation of the road, and the plaintiff, a subsequent owner of the land, sought to enjoin the railroad from operating the road in front of his premises. It was held that, although the release to the railroad had not been recorded, the defendant's possession was notice to the plaintiff of all the rights of

the company in the premises; that there was no presumption that the defendant continued to be a trespasser; and that the complaint was properly dismissed. As the present action is between the vendors and the representative of the vendees, not between the latter and the elevated railroad, the doctrine of notice as applied in the Ward Case is irrelevant here.

The legal rule that, where there is an inconsistency between the contract of purchase and the deed subsequently delivered as to the quantity of the estate, the provisions of the contract are to be deemed merged in the deed (Gerhardt v. Sparling, 49 Hun, 1, 1 N. Y. Supp. 486; and see Schoonmaker v. Hoyt, 148 N. Y. 425, 42 N. E. 1059, and Disbrow v. Harris, 122 N. Y. 362, 25 N. E. 356), is not applicable to this controversy. Here the contract and the deed were entirely consistent. There was no apparent discrepancy; but the vendors, by their own acts, disabled themselves from conveying easements which it was not necessary to mention, and which were not mentioned, either in the contract or the deed, and the effect of the vendors' acts was in equity a fraud upon the vendees. It follows that the plaintiff is entitled to recover that portion of the sum of money received by defendants which represents the fee value of the easements conveyed to the elevated railway.

Judgment for plaintiff.