Denio, J.
 

 The language of the contract is precise to show that the sale was by the acre, and not for a gross sum without regard to the contents of the farm. The only question, therefore, is whether the plaintiff forfeited the fight to a deduction for the deficiency by accepting a deed which in its terms imports a sale of the premises for $7200, whether it should contain one hundred and thirty acres or more or less than that quantity. Unless there is a sound distinction between the present case and those which were referred to by the defendant’s counsel, we must hold the law to be that the delivery and acceptance of the conveyance canceled and extinguished the prior executory agreement, and- that it cannot be any longer resorted to to ascertain the terms upon which the land was sold. It is a general rule of evidence, as well settled as it is salutary, that a written contract executed between parties supersedes all their prior negotiations and agreements upon the same subject. This is especially true where the final contract is an executed one, and those which preceded it were in their nature executory and looked for their consummation to a conveyance afterwards to be made. The rule, however, is not applicable where the last contract covers only a part of the subjects embraced in the prior one. Where, for example,
 
 *528
 
 one c mtracts, for a specified consideration, to convey land at a future time, and to do, at a still later period, other acts for the benefit of the other contracting party, or where the contract is for a series of acts to be performed at successive periods, it is plain that the prior contract is superseded only as to such of its provisions as are covered by the conveyance made pursuant to its terms. The agreement remains in full force as to all its other provisions. This is so obvious, upon the reason of the thing, that we need not seek for authority to sustain it. The principle was referred to in
 
 Renard
 
 v.
 
 Sampson (2 Kern.,
 
 561), and some cases were referred to in which it had been applied. In
 
 Bogart
 
 v.
 
 Burkhalter
 
 (1
 
 Denio,
 
 125), the preliminary contract for the sale of land contained an agreement thatthe vendee should erect a particular description of building on the premises, and would not erect anything thereon which should be a nuisance to the adjoining property. It was held that the vendee could maintain an action for a breach of this agreement, though before the acts complained of he had conveyed the land to the vendee. In the present case the conveyance of the farm was to be executed when $5200 of the $7200 should be paid. The contract contemplated that $2000 of the purchase price should remain due from the plaintiff to the defendant, at the time of the conveyance, if the quantity of land should be just what it was supposed to be. This unpaid portion of the purchase money was sufficiently large to admit of any deduction for deficient quantity which might probably appear upon a survey, and much larger than the deduction now claimed. It is true, a bond and mortgage was to be given by the plaintiff for the unpaid purchase money when he should receive his deed. If these securities had been executed at the time the deed was delivered, and they had not contained a provision, respecting deficiency, like that in the contract, a different question would have arisen from the one now presented. No bond or mortgage being, in fact, given, the articles remained unperformed so far as the payment of the residue of the consideration
 
 *529
 
 was concerned. I am of opinion that they continued in force as to that residue. The provision for reducing or increasing the amount of the purchase price, if the farm should fall short of or overrun one hundred and thirty acres, was a modification of the covenant to pay $7200 for the farm. While that covenant remained unperformed it was subject to the influence of the clause by which it was qualified. The sum of $2750 continuing unpaid after the deed was given, on the assumption that the land would hold out one hundred and thirty acres, it was liable to be increased or diminished according to the result of the measurement of the land. It does not seem to me that upon principle the deed stood at all in the way of justice being done between the parties according to the terms of their contract.
 

 I think, moreover, that the authorities which are relied on are clearly distinguishable from the present case. In
 
 Howes
 
 v.
 
 Barker
 
 (3
 
 John.,
 
 506), the parties had entered into an executory contract for the sale, by the defendant to the plaintiff, of a quantity of land at the price of
 
 £9
 
 per acre. The money was to be paid and the deed to be executed on the first day of April following. A conveyance was executed and delivered on that day, which, described the land as containing two hundred and seventy-five acres, and the plaintiff paid the sum it would amount to at the price mentioned in the contract. It afterwards appeared that there was a deficiency of twelve acres, and a suit was brought to recover for the overpayment. The plaintiff was nonsuited and the ruling was sustained by the court. Thompson, J., remarked that the most that could be said was that there had been a mistake in respect to the consideration money in the deed. The contract between the parties, he said, was executory, and, having been executed and consummated by the deed subsequently given, the agreement became null and of no further effect. He added, and the remark is material to show the inapplicability of the case to the present question: “The deed cannot be considered asan execution of
 
 *530
 
 the contract
 
 in part only.
 
 If an execution at all, it must be of the whole contract, and the articles of agreement are a nullity.” On the trial the plaintiff had offered to show by parol that when the deed was given the defendant had agreed that the land might be measured and the consideration money-adjusted according to the actual quantity of the land, and the evidence had been excluded. On this point Judge Thompson observed that the evidence offered could be regarded in no other light than as parol evidence repugnant to a written contract. He could not perceive, he said, why any parol agreement varying the consideration money expressed in the deed did not fall within the rule rejecting parol evidence to qualify a written contract, as much as if it related to any other part of the contract. Spencer, J., concurred in these views. Chief Justice Kent expressed himself of the same opinion, and added that he could not surmount the impediment of the deed which the plaintiff had accepted from the defendant, and which contained, he said, a specific consideration in money and the quantity of acres conveyed, with the usual covenant of seizin. “Sitting in a court of law,” he added, “I think I am bound to look at that deed as the highest evidence of the parol agreement of the parties both as to the quantity of the land to be conveyed and the price to be given for it.” It will be readily seen that this case is not an authority for holding that where certain stipulations of the preliminary contract remain unperformed, and are by its terms to be subsequently executed, the deed operates as an extinguishment of them. But there is another remark applicable as well to this case as to those to be presently noticed. They attribute to the consideration clause of a conveyance of lands an effect which, as the law now stands, does not belong to it. By the later cases, it is well settled that that clause may be contradicted by oral evidence as well in regard to the amount expressed as to the fact of its payment, and also as to the quality of the consideration. (
 
 Sheppard
 
 v.
 
 Little,
 
 14
 
 John., 210; Bowen
 
 v.
 
 Bell,
 
 20
 
 id.,
 
 338;
 
 *531
 

 McCrea
 
 v.
 
 Purmort,
 
 16
 
 Wend.,
 
 460;
 
 Adams
 
 v.
 
 Hull,
 
 2
 
 Denio,
 
 306.) If the opinion of Mr. Justice Cowen in
 
 McCrea
 
 v.
 
 Purmort
 
 is to be followed, and I do not see why it should nut be, the consideration clause is of no greater effect than a separate receipt for the money, which might always be explained.
 

 Houghtaling
 
 v.
 
 Lewis
 
 (10
 
 John.,
 
 297) is another of the cases relied on by the defendant’s counsel. There was an executory contract for the purchase of a farm, the defendant being the vendor and the plaintiff the vendee. The defendant warranted that the farm should contain not less than fifty-eight acres. The defendant afterwards conveyed the land and the plaintiff paid the price; and the defendant proved by parol that when the deed was given the parties declared it to be in satisfaction of the articles and that they should become null and void. At a measurement afterwards made it appeared that there was a deficiency of six or seven acres, and the action was for the overpayment. The court held that the plaintiff could not recover. Thompson, J., who delivered the opinion of the court, laid much stress upon the parol agreement, but he added that articles of agreement were in their nature executory, and that the acceptance of a deed in pursuance thereof was
 
 prima facie
 
 an execution of the contract, and that therefore it became null and void He further says, as if to provide against applying the decision to a case like the present: “ Parties may no doubt enter into covenants collateral to the deed,
 
 or cases may he supposed where the deed would he deemed only a part execution of the contract,
 
 if the provisions of the two instruments clearly manifested such to have been the intention of the parties.” The cases referred to from the courts of sister states are susceptible of the same explanation.
 
 Smith
 
 v.
 
 Evans
 
 (6
 
 Binney,
 
 102) was a
 
 scire facias
 
 upon a mortgage given for the balance of the purchase money of the land mortgaged. There had been an executory contract in writing, by which the premises were sold as containing nine hundred ninety-
 
 *532
 
 one and one-quarter acres at ¿£12
 
 6s.
 
 per acre. The deed described the land, and added, “ containing nine hundred ninety-one and one-quarter acres, be the same more or less.” The mortgage was given at the time of the execution of the deed. It was held, by a divided court, that by the delivery and acceptance of the deed the whole contract was closed, and the defendant was not allowed to avail himself of a deficiency of about eighty-eight acres, discovered about twelve years afterwards. It is scarcely necessary to remaih that, after the execution of the deed and the giving of the bon$ and mortgage, no part of the original contract remains unexecuted. These instruments taken together covered tin whole matter of that agreement.
 

 Williams
 
 v.
 
 Hathaway
 
 (19
 
 Pick.,
 
 387) was an action tfl recover for an overpayment. The purchase was of a piece of land, represented to contain fifteen acres, at auction, foi
 
 $5.05
 
 per acre. A deed was afterwards given, by which the defendant conveyed it to the plaintiff in consideration of $75.75, the amount it would come to, if there were fifteen acres, at the price mentioned. It was found to be deficient by between one and two acres. The plaintiff was defeated, the court holding that all prior proposals and stipulations were merged in the conveyance.
 

 In
 
 Crotzer
 
 v.
 
 Russell
 
 (9
 
 Serg. & Rawle,
 
 78) there had been an executory contract for the sale of land, and when the deed came to be executed a small parcel of the premises and a certain water right were excepted. A bond was given for the purchase money, for which the action was brought. The defendant claimed a deduction on account of the excepted part. The judge charged that in such a case, in the absence of all proof to the contrary, the law considered that the parties had altered their first agreement, and that it was to be held null and void.
 
 Stebbins
 
 v.
 
 Eddy
 
 (4
 
 Mason,
 
 414) was determined in the Circuit Court of the United States, by Judge Stout. It was the case of a contract to sell certain lands at the rate of $50 per acre, followed by conveyance»
 
 *533
 
 in which the lands were described and said to contain fifty-seven acres, “be the same more or less,” and the plaintiff at the same time paid or secured $2500, which was the price of fifty acres at the rate agreed. It turned out that there were but about forty acres of the land, and the plaintiff sued for an overpayment. The judge was of opinion and decided that it was to be intended that the parties had modified their first bargain, and that the plaintiff had agreed to pay $2500 whether the land exceeded or fell short of fifty acres. Upon the facts of each of these cases the execution of the conveyance was accompanied by the payment of the consideration, or the providing for it by a new security. In each of them the conveyance and the acts simultaneously done were intended to be an entire performance of eveiy part of the antecedent contract. In the case before us the plaintiff’s stipulations respecting the unpaid portions of the purchase money remained, and were intended to remain,
 
 unaffected;
 
 and the provision for adjusting that purchase money according to the actual contents of the farm was inseparably eonnected with and naturally formed a part of the covenants for its payment. I conclude, therefore, that the fact of the conveyance of the farm did not preclude the plaintiff from subsequently claiming a proper deduction on account of the deficiency of the land. The covenant to adjust it according to the number of acres remained in as full vigor after that transaction as before. The force and intention of the words “ be the same more or less,” in this deed, is to provide that the grant should embrace all the land within the boundary lines which were given, and no more or less, whether the same was more or less than the one hundred and thirty acres specified. They were unnecessary, as the legal construction would be the same without them; but like many expressions which find their way into instruments of this kind, they were inserted from abundant caution. Without affirming that cases may not exist where they ought to be construed in connection with the consideration expressed, and to show
 
 *534
 
 an intention to transfer the premises without regard to theii contents for the sum named as the price, we hold that in this case they are to be interpreted by collating them with the express stipulation in the articles which remained unexecuted. Reading them in that connection it is perfectly manifest that they do not import that the plaintiff was to take the land for the $7200 without regard to the quantity of it.
 

 Supposing the acceptance of the deed to form no impediment to the recovery, there is nothing in the remainder of the case to embarrass the plaintiff. When the final payment was made, the agreement to adjust the price to the number of acres was recognized by the defendant. He consented that the articles might be put into the plaintiff’s hands as evidence of that agreement. This act might, I think, be considered a redelivery of the contract and a reinstating of the clause providing for the measuring of the land, if it were necessary. Upon either ground I am of opinion that the plaintiff was entitled to recover the amount overpaid.
 

 The plaintiff was entitled to interest at least from the time of bringing the action. The exception was against' allowing any interest, and.it does not raise the question as to the time between the payment of the money and the commencement of the suit.
 

 I am in favor of affirming the judgment of the Supreme Court.
 

 Selden, J., expressed no opinion; all the other judges concurring,
 

 Judgment affirmed.