JOHN M. SMITH, Respondent, *v.* EDWIN A. HOLBROOK, Appellant.

Defendant and one O'D. entered into a contract for the purchase by the former, and sale by the latter, of certain premises. Defendant agreed to pay a portion of the purchase-price by the assignment of a mortgage which he covenanted should be a valid and subsisting first lien; the property covered by it to be of the value of $4,000. O'D. conveyed the premises and defendant assigned the mortgage ; the assignment contained a guaranty that the mortgage was a valid and subsisting lien, but contained no covenant as to the value of the mortgaged premises or as to the priority of the lien. *Held*, that the acceptance of the assignment was not a satisfaction or extinguishment of the covenant as to value in the agreement ; and that an action was maintainable for a breach thereof.

The mortgage was given to secure the note of the mortgagors which was assigned with the mortgage. In an action upon said covenant *held*, that it having been given to indemnify O'D. against loss on the mortgage, defendant was entitled to have the value of the note allowed in diminution of damages; but that its value at the time of the trial could only be considered, not the value at the time of the assignment ; and, as it was admitted on the trial that the makers of the note had become insolvent and had been adjudicated bankrupts, that a charge of

the court as follows was proper, to wit. : " that it was unimportant as to whether the makers were or were not solvent at the time of the assignment but that the only inquiry on the question of damages was whether the mortgaged property was at that time worth less, and how much less than $4,000."

Also *held*, that it was not necessary for plaintiff to offer to return the note before bringing the action.

As to whether on payment of the damages, defendant would be entitled to the note or to an assignment of a judgment for deficiency on foreclosure of the mortgage, *quære*.

(Argued November 8, 1880 ; decided November 16, 1880.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages for an alleged breach of a covenant contained in a contract between the defendant and Bridget O'Day.

By the contract Mrs. O'Day agreed to sell and convey to defendant certain premises for a sum specified. Defendant agreed to pay $4,000 of the purchase-price by assigning and transferring a mortgage on lands on Beaver Island, Michigan. "Said mortgage to be a valid and subsisting lien on the property covered thereby, and free and clear of all defenses and set-offs thereto ; *and the property covered by said mortgage to be of the value of* $4,000, and not subject to any liens, claims, incumbrances or equities of any nature, kind or description, prior or hostile to said mortgage." The alleged breach was of the covenant as to value.

On October 17, 1868, Mrs. O'Day conveyed to defendant the premises and he executed to her an assignment of the mortgage and of the note of the mortgagors, to secure which, the mortgage was given. The assignment contained a covenant as to the amount unpaid on the mortgage, that defendant had lawful authority to assign and that the mortgage was a valid and subsisting lien and free and clear from all defenses and set-offs.

The mortgage having fallen due and not being paid, plaintiff, to whom Mrs. O'Day had assigned the same, together with

the covenants in the agreement, foreclosed and the mortgaged premises were sold under a decree of foreclosure. Defendant was notified of the sale. Plaintiff bid in the property on the sale for $800. It was admitted on the trial, that prior to the foreclosure the mortgagors had become insolvent and had been adjudicated bankrupts.

The verdict was for $1,639.37. Further facts appear in the opinion.

*Sherman S. Rogers* for appellant. The contract between Holbrook and Mrs. O'Day was one for the payment of money and not for the sale of the mortgage. (*Pinney* v. *Gleason*, 51 Wend. 393.) The executory contract of October 7th was merged in the executed deed of October 17th. (*Houghtailing* v. *Lewis*, 10 Johns. 297; *Howes* v. *Barker*, 3 id. 506; *Williams* v. *Hathaway*, 19 Pick. 387; *Crolser* v. *Russell*, 9 Serg. & R. 78; *Smith* v. *Evans*, 6 Binn. 102; *Witbeck* v. *Waine*, 16 N. Y. 522; *Renard* v. *Sampson*, 12 id. 561; *Morris* v. *Whitcher*, 20 id. 41.)

*David F. Day* for respondent. The contract between the defendant and Mrs. O'Day was not necessarily merged in the subsequent assignment. (*Atwood* v. *Norton*, 27 Barb. 639 [affirmed by Court of Appeals, Sept. 1858]; *Beman* v. *Green*, 1 Duer, 382.) Merger depends upon the intention of the parties, which is necessarily a question of fact. (*Clift* v. *White*, 2 Kern. 535; *Champney* v. *Coope*, 32 N. Y. 543; *Harbeck* v. *Vanderbilt*, 20 id. 395; *Smith* v. *Holbrook*, 1 Sheld. Sup. Ct. 174.) If any doubt could exist whether the language employed was intended for a covenant of the value of the property, or was a mere expression of opinion as to its value, that question would be one for the jury. (*Duffee* v. *Mason*, 8 Cow. 25; *Whitney* v. *Sutton*, 10 Wend. 411; *Cook* v. *Mosely*, 13 id. 277; *Smith* v. *Holbrook*, 1 Sheld. 474.) In the case of a breach of warranty of quality or quantity, where there is no stipulation for the return of the goods sold, they cannot be returned to the vendor. (*Voorhies* v. *Earl*, 2 Hill, 288; *Cary* v. *Gruman*, 4 id. 625; *Muller* v. *Eno*, 4 Kern. 601; *Smith* v. *Holbrook*, 1

Opinion óf the Court, per ANDREWS, J.

Sheld. 474.) The contract being by its terms one requiring the performance of several different and distinct things of the defendant, it is in its very character divisible. (*Atwood* v. *Norwood*, 27 Barb. 639.) The defendant has not sustained any injury because of the assignment to the plaintiff. The fact that Mrs. O'Day brought action against the defendant on the remainder of the contract could not prejudice the plaintiff, as that action was never brought to judgment. (*Secor* v. *Sturgis*, 16 N. Y. 554; *Nathans* v. *Hope*, 77 id. 420.)

ANDREWS, J. The contract of October 7, 1868, between Mrs. O'Day and Holbrook was wholly executory. Mrs. O'Day agreed to convey to Holbrook the lands described in the contract, for a price named, and Holbrook agreed to pay therefor, as provided therein. The payment of $4,000 of the purchase-price was to be made by the assignment to Mrs. O'Day of the mortgage on the "Beaver Island" property. The time for the completion of the contract was not definitely fixed in the contract itself, but performance at some time subsequent to the execution of the contract was contemplated. There was no assignment *in præsenti* of the mortgage. The contract, so far as Holbrook was concerned, was an agreement to assign it, accompanied with an executory engagement, in effect, that when assigned, the mortgage should be a valid and the first lien on the mortgaged premises, and that the property covered thereby should then be of the value of $4,000. On the 17th of October, 1868, Mrs. O'Day conveyed to Holbrook, and he assigned to her the mortgage by an assignment in writing, containing a guaranty that the mortgage was a valid and subsisting lien on the mortgaged premises, but containing no covenant as to the value of the mortgaged property or as to priority of lien.

The acceptance of this assignment by Mrs. O'Day was not a satisfaction of the covenant of Holbrook in the contract of October 7, 1868, that when the assignment of the mortgage should be made, the mortgaged property should be of the value of $4,000. The assignment of the mortgage was a performance

of the covenant to assign the security, but the covenant as to value was an independent covenant, of which the assignment was not a performance, unless, in fact, at the time it was made, the land was of the stipulated value. Mrs. O'Day was not bound to accept the assignment, if, at the time, the property was of less value, but there is no ground in reason or law, upon which it can be held that the covenant as to the sufficiency of the security was extinguished by her acceptance of the assignment. If the contract had been that Holbrook should assign the mortgage by an instrument containing a covenant that the mortgaged property was of the value of $4,000, and she had accepted an assignment containing no such covenant, there might be ground for the presumption that the covenant was extinguished or had in some way been satisfied. But in this case the contract was not that Holbrook should assign the mortgage with covenants, but that the mortgaged property should as matter of fact be of the value stipulated when the assignment should be made.

There is no inconsistency in holding that the assignment transferred the legal title to the mortgage and so far was a performance of the prior contract, and that the covenant as to the value of the mortgaged premises remained, notwithstanding the assignment, unextinguished, and enforceable by action. There is no evidence of an intention by Mrs. O'Day, on taking the assignment of the mortgage, to give up the security of this covenant. It is claimed that the omission to insert a covenant of value in the assignment, when a covenant as to the validity of the mortgage lien was inserted, is significant. But this omission, whatever it may signify, is not, we think, significant of any intention on the part of Mrs. O'Day to surrender, without any apparent reason, a collateral engagement then existing in full force, which was inserted in the original contract for her protection. If the acceptance of the assignment discharged the covenant of value, so also it discharged the covenant that the mortgage should be the first lien on the land, and Mrs. O'Day would have no remedy, although it turned out that it was subject to prior liens, to its full value.

The case is within the principle of the case of *Morris* v. *Whitcher* (20 N. Y. 41). It was there held that when a deed has been given in pursuance of a preliminary contract for the sale of land, containing stipulations of which the conveyance itself is not a performance, it is a question of intention whether the parties have surrendered those stipulations, and that in the absence of all proof, there is no presumption that either party intended to give up the benefit of covenants of which the conveyance is not a performance and satisfaction. (See, also, *Day* v. *Pool*, 52 N. Y. 416 ; *Parks* v. *The Morris Ax and Tool Co.*, 54 id. 590.)

We are of opinion, therefore, that the covenant of value in the contract remained in full force after the assignment of the mortgage, and that the plaintiff, as the assignee of Mrs. O'Day of the mortgage and of the covenant, was entitled to maintain this action.

The only material remaining question relates to the ruling of the court on the question of damages. The contract of October 7, 1868, in terms provided only for the assignment of a mortgage. But in fact the mortgage was given to secure the note of the mortgagors, and the assignment made by Holbrook in terms assigned both the note and mortgage. The defendant, at the conclusion of the plaintiff's evidence, moved for a nonsuit upon the ground, that it did not appear but that the mortgagors were solvent when the mortgage was assigned, and because the note of the mortgagors had not been returned or offered to be returned to the defendant. The motion was denied. The defendant's counsel then asked the court to decide that the plaintiff could recover nominal damages only. The court declined so to decide, and declared as the rule of law in the case, " that it was unimportant whether the makers of the note were, or were not, solvent at the time of the assignment of the mortgage, but that the sole inquiry on the question of damages was, whether the mortgaged premises were, at the time of the assignment, worth less, and how much less than $4,000." To this ruling the defendant's counsel excepted. It is said that the cause of action, if any, arose immediately on the execution

of the assignment, and that in assessing the damages for the breach of defendant's covenant, the value of the note of the mortgagors as a personal obligation should have been taken into consideration.

We concur in the general proposition of the learned counsel for the defendant, that Mrs. O'Day, having received the assignment of both the note and mortgage, in payment of the sum of $4,000, and the purpose of the defendant's covenant being to indemnify her against loss on the mortgage, the defendant was entitled to have the value of the note allowed in diminution of the damages, for a breach of the covenant. But before the ruling of the court was made, it had been admitted that the mortgagors had become insolvent, and had been adjudicated bankrupts, and that prior to the commencement of the action the mortgage had been foreclosed and it is not disputed that the sum which the property brought on the foreclosure was less than the value of the land at the time the mortgage was assigned, as ascertained and allowed by the jury.

The note was at the time of the trial presumptively worthless, and the debt against the mortgagors uncollectible. The ruling of the court is to be interpreted in view of the facts appearing when it was made, and so interpreted it was, we think, correct. The defendant's covenant was that the land mortgaged should at the time of the assignment be of the value stated, not that the mortgage and the note together should then be of that value, or a good security for that sum. Mrs. O'Day did not agree to accept the personal obligation of solvent parties for the purchaseprice of her land, and assuming that the mortgagors were solvent when the mortgage was assigned, she did not agree to assume the risk of their remaining solvent after that time, or until the debt became due. It does not appear when the mortgage became due, or that there was any period of time prior to the mortgagors becoming insolvent, that she could have enforced the mortgage debt. In assessing damages the date of the assignment of the mortgage was the time when the value of land was to be ascertained, but the value of the note at the time of the trial could only be considered upon the

question whether an allowance should be made on account of the personal security.

It was not necessary that the plaintiff should offer to return the note before bringing her action. The action was in affirmance, and not in disaffirmance of the contract to assign the mortgage. It is not necessary now to determine whether, upon payment of the damages awarded, the defendant would be entitled to the note, or to an assignment of the judgment for deficiency in the foreclosure action, if such judgment was rendered.

We find no error in the record, and the judgment should be affirmed.

All concur.

Judgment affirmed.