### SOKOLSKI v. BUTTENWIESER et al.

(Supreme Court, Appellate Division, First Department. June 24, 1904.)

1. SPECIFIC PERFORMANCE—CONTRACT—PERFORMANCE BY PLAINTIFF.

Plaintiff agreed to give defendant a certain consideration if he would purchase certain property, take a deed to himself, and erect thereon a building of a specified pattern, and then convey the same to plaintiff; it being expressly provided that defendant would make any repairs in the nature of defects required within 60 days after closing the title. On the time set for performance, plaintiff demanded a deed, but refused to give the consideration without deduction for alleged necessary repairs or alterations. *Held*, that she could not maintain a bill for specific performance.

Appeal from Special Term, New York County.

Action by Ray Sokolski against Joseph L. Buttenwieser and another. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

E. W. S. Johnston, for appellant.

E. M. Shepard, for respondents.

PATTERSON, J. The plaintiff appeals from a judgment dismissing the complaint upon the merits. The action was brought for the specific performance of a contract made between the plaintiff, as vendee, and the defendant, as vendor, of real estate in the city of New York known as No. 125 Second avenue. It is not to be disputed that

the action is one for specific performance, for every alternative demand for relief in the complaint relates to specific performance. The contention of the plaintiff in the court below and on this appeal is that she was entitled to the relief prayed for, but she also insisted that she was so entitled, not in accordance with the exact terms of the contract, but with an allowance of certain deductions from the purchase price named in the contract. The dismissal of the complaint was without prejudice to the right of the plaintiff to institute an action at law to recover damages for the breach of the contract.

We are of the opinion that the complaint was properly dismissed. The material facts appearing in the record are the following: The plaintiff is the owner of premises No. 123 Second avenue. Prior to May 6, 1901, an action was pending in the Supreme Court between this plaintiff and other parties to compel those other parties to convey to her the adjoining premises, No. 125 Second avenue. On the 6th of May, 1901, the plaintiff, claiming to have an easement in the premises No. 125 Second avenue, by reason of some restrictions contained in deeds affecting these premises, entered into an agreement with the defendant, which, after reciting the pendency of the action referred to; and that the parties defendant in that action had contracted to sell the premises No. 125 Second avenue to the defendant Buttenwieser, and that the plaintiff claimed that there were restrictions affecting those premises in favor of her adjoining property, provided that the defendant Buttenwieser would complete his purchase from the third parties above referred to, take a conveyance from them within the month of May, 1901; and thereupon this plaintiff agreed to discontinue her pending action against such third parties, and to cancel the notice of pendency of the suit for specific performance, and the record thereof in the clerk's office of the city of New York. After those recitals, the defendant Buttenwieser, as party of the first part to the agreement upon which the present action is brought, in consideration thereof, and of his having received a deed of No. 125 Second avenue, and of the sum of $63,000, which the present plaintiff stipulated to pay, agreed to sell to her all the parcel of land known as No. 125 Second avenue, describing it by metes and bounds, and also agreed to erect upon that lot of land, in place of a building then standing on it, another building, seven stories high, according to plans filed in the office of the department of buildings; it being expressly agreed that the quality of the materials and the general character of the work in the new building should be substantially the same as in a pattern building, No. 128 Second avenue, except in certain particulars specifically referred to in the contract. In consideration of that agreement, the present plaintiff released all right to restrict the new building. The agreement in suit proceeds to stipulate as follows:

"It is expressly agreed that the vendor [that is, the defendant Buttenwieser] will make any repairs in the nature of defects required within sixty days after closing the title, provided such repairs are not caused by the acts of the tenants or by the public or from a stoppage of the plumbing."

It is not disputed that a building was erected by the defendant Buttenwieser on the land, 125 Second avenue. He had conveyed the premises to one Fox, who is made a party to this action; but it is

not claimed that that change of title would affect the liability of the defendant Buttenwieser, because Fox was undoubtedly simply holding the title for him, and, if specific performance can be had at all, it could be directed against both defendants. By the terms of the agreement between the plaintiff and the defendant Buttenwieser, it was stipulated that the deed should be delivered on the 1st day of November, 1901, if the building should then be occupied, and, if not then completed, adjournments should be had from time to time, not exceeding July 1, 1902, to finish the building, and the vendor to have adjournments not exceeding 60 days after the completion of the building for the purpose of placing a mortgage loan upon the premises. On the 15th of May, 1901, the defendant Buttenwieser took title to the property, and a release was given by the plaintiff of the restrictions upon the property. Buttenwieser commenced the construction of a building, and claimed that it was substantially completed on the 1st day of April, 1902. On the 25th of March, 1902, the plaintiff served on the defendant a written notice in these words:

"Please take notice that Ray Sokolski, wife of Alber Sokolski hereby demands a conveyance to her of the premises No. 125 Second Avenue, pursuant to the terms of your contract with her dated May 6th, 1901, and that she will attend at the office of Messrs. M. S. & I. S. Isaacs, No. 27 Pine Street, on the 1st day of April, 1902, at one o'clock in the afternoon to receive such deed and pay the consideration therefor."

It is apparent, therefore, that, by the attitude which the plaintiff took, the time for the performance of this contract was fixed as the 1st day of April, 1902. On that day she attended, through her attorney, at the place designated, and demanded a deed of the premises, but only consented to perform the contract on her part on condition that the defendant Buttenwieser would supply omissions in the work done on the building erected by him on said premises, in certain particulars, some of which are substantial and some of which are utterly frivolous, or allow to the plaintiff, out of the purchase price of the property, a sum of money as the cost of certain changes required, and of necessary expenditures to supply omissions. The defendant Buttenwieser refused to accede to this demand, and therefore on the same day the summons and complaint in this action were served.

The theory upon which the action proceeds is that specific performance of a contract for the sale of real estate may be directed by the court in cases in which an allowance may be made by way of deduction from the purchase price for incumbrances or other charges upon the property. There is no doubt of the general rule upon this subject, and the English courts have carried the doctrine so far as to compel specific performance of a contract where the price is fixed, but where it is required to make expenditures for repairs, and have allowed the cost of the repairs in reduction of the purchase price. But the doctrine of the English cases has never been adopted by the courts of this state. Abatement from the purchase price has been allowed for deficiency in title as to the quantity or quality of the property sold, but none of the cases in this state have gone to the extent of making an allowance in diminution of the purchase price named in an executory contract for the sale and purchase of land, where such an allowance would be contrary to the terms of the contract and to

the express stipulations of the contracting parties, and where it would, in effect, be making a new contract between them.

It is entirely immaterial to the disposition of this case whether the doctrine laid down in Levy v. Hill, 50 App. Div. 294, 63 N. Y. Supp. 1002, and Levy v. Hill, 70 App. Div. 95, 75 N. Y. Supp. 19, affirmed 174 N. Y. 536, 66 N. E. 1112, applies or not, and it is not necessary for us to resort to those cases to find a rule of decision for this. Here it is obvious from the terms of the contract that the defendant Buttenwieser had the right to make any repairs in the nature of defects within 60 days after closing the title, under the agreement between himself and the plaintiff. It is expressly so stipulated in the contract, and, on the day when the parties met for performance, he was not bound to recognize at once that the alleged defects (some 64 in number) actually existed, or concur in the plaintiff's claim that such was the case; nor was he bound then and there to stipulate that he would remedy each and every one of the claimed defects, and he was entitled to refuse to do so. He was also entitled to decline to make any allowance then and there for those defects, for he had 60 days after the closing of the title in which to make any repairs in the nature of defects that he would be required to make good under his contract. He was not obliged to remedy defects or to make repairs until after the title was closed. It was for the plaintiff to take her deed, unless there were some objection to the title, and then afterwards to insist upon the defendant making good any defects, if they existed, and, if that were not done, then she would have her action at law against him.

The judgment appealed from should be affirmed, with costs. All concur.