## ROSENBERG v. WILSON et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

1. SPECIFIC PERFORMANCE—SUBJECTS OF RELIEF—PORTION OF CONTRACT.

Defendant, the owner of certain property, contracted in writing to sell it to R. The contract was modified by a parol agreement providing for the conveyance of a larger tract to R. and a reconveyance by him to defendant of a portion thereof free from a mortgage on the land, but subject to a new mortgage to be given by defendant, who also agreed to reset the fences around the part to be reconveyed to her by a certain day, otherwise that R. might do so at her expense, and that on the closing day she would give R. a writing to such effect. *Held*, that equity would not decree specific performance of the fence agreement apart from the contract to convey, nor of defendant's agreement to put the parol agreement in writing.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Specific Performance, §§ 20–25.]

2. MORTGAGES—FORECLOSURE—SURPLUS—RIGHT OF VENDEE.

Defendant contracted to sell certain mortgaged land to R., after which the contract was modified by parol so as to require defendant to reset certain fences or permit R. to do so at defendant's expense; defendant also agreeing to put such modification in writing on the closing day. On that day defendant tendered performance of the modified agreement, save the giving of a writing evidencing the fence agreement, and R. refused to accept a conveyance unaccompanied by such written agreement, after which the mortgage on the land was foreclosed from which a surplus resulted. *Held*, that R. by his refusal to accept performance as tendered elected to resort to an action at law for breach of defendant's contract of sale, and was therefore not entitled to the surplus.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, §§ 1632–1638.]

Appeal from Special Term, Richmond County.

Action by Barbara Rosenberg against Susan S. Wilson, individually and as executrix, etc., and against Charles Rosenberg, impleaded with others, for the distribution of a surplus arising on foreclosure of a mortgage. From an order directing distribution of the surplus to defendant Rosenberg, defendant Wilson appeals. Modified.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Yorke Allen, for appellant.
William D. Gaillard, for respondent.

MILLER, J. This is a dispute over surplus moneys, arising from a mortgage foreclosure between the appellant, Susan S. Wilson, holder of the legal title, and the respondent, Charles Rosenberg, who claims to have been the equitable owner of the property by virtue of a contract of purchase and sale made between him and said appellant. The facts are undisputed. The referee found that the appellant, the owner of the property, made a written contract to sell the same to the respondent. This contract was subsequently modified by a parol agreement made necessary by a mutual mistake respecting certain boundary lines and by the existence of the mortgage the foreclosure of which resulted in said surplus. Said parol agreement provided for a conveyance of a larger tract to said respondent and a reconveyance by him to the appellant of a portion thereof freed from said mortgage, but subject to a new mortgage to be given by said appellant. It was also agreed that the appellant should reset the fences around the part to be reconveyed to her by April 1, 1905, and that, if she did not, the respondent might do so at her expense, and further that on the closing day, March 25, 1905, she would give the respondent a writing to that effect. On the closing day she tendered performance of the modified agreement in all respects, save the giving of a writing evidencing the fence agreement, and the respondent refused to accept a conveyance unaccompanied by said written agreement. It is agreed on all hands that the respondent's right to the surplus moneys depends upon whether he could have maintained an action for specific performance. If so, it matters not that the res has been converted into money.

. Equity would not decree specific performance of the fence agreement in and of itself, and, of course, would not decree specific per-

formance of an agreement to put that agreement in writing. If the parol agreement was good, an action at law would be entirely adequate to redress its breach, and, if it was not good, equity could not make it so by decreeing that it be put in writing. The title agreed to be conveyed to the respondent did not depend in the slightest upon said agreement, because the property to be conveyed was specifically described, and there can be no doubt that the fence agreement, though not put in writing, would have survived the acceptance of the deed by the respondent, unless such deed was accepted as a complete performance of said contract, which would, of course, depend upon the intention of the parties. Witbeck v. Waine, 16 N. Y. 532; Morris v. Whitcher, 20 N. Y. 41; Sage v. Truslow, 88 N. Y. 240; Disbrow v. Harris, 122 N. Y. 362, 25 N. E. 356. The fence agreement was but one of several stipulations of the contract as modified by the parol agreement. If that parol modification was not good for not being in writing, of course, equity would not decree specific performance. If it was good, the performance of one of its stipulations did not extinguish the others, and the delivery of the deed which the appellant tendered would have been only a part performance unless accepted as a complete performance, because under such circumstances there is no presumption that one stipulation is satisfied by the performance of another stipulation embraced in the same contract. The learned justice at Special Term distinguished the cases cited, supra, by the fact that the stipulation which survived part performance was embodied in an original written contract; but I fail to see how that changes the situation. The contract before us is the modified contract, and the rule of law cannot be different because of the fact that the parties saw fit to allow the modifications to rest in parol. As the respondent saw fit to refuse performance of what equity would compel, unless the stipulation respecting the fence agreement were performed, he thereby made his election to resort to an action at law for a redress of the breach of contract. I am not saying that he could have been compelled to accept a deed without the collateral, written fence agreement, but that, if he wanted his bargain, he should have accepted the performance tendered, and sought redress in an action at law if the fence was not removed as agreed upon. That this was his proper course was suggested, if not actually decided, by the judgment in Sokolski v. Buttenwieser, 96 App. Div. 18, 88 N. Y. Supp. 973, affirmed 183 N. Y. 557, 76 N. E. 1108; for I do not see that the situation is at all changed by the fact that there was an agreement to put the oral stipulation in writing at the time of closing of title. As the respondent's course left him only an action at law for damages for breach of the contract, the appellant was entitled to the surplus moneys.

We have assumed that the alleged modification by parol was in fact a modification, and not the making of a new contract which was void for not being in writing.

The order should be modified accordingly, and the appellant should have the costs of the proceeding and of this appeal. All concur.