KATHRYN LAMBERT, Respondent, *v.* PAULINE KRUM, Appellant.

Supreme Court, Appellate Term, Second Department, June, 1923.

**Vendor and purchaser — contract for sale of real estate — when contract merged in deed — when purchaser cannot recover for breach of contract.**

A contract for the sale of real estate is merged in the deed when the latter is intended to be accepted in full performance of the former. This intention

may be derived from the instruments alone or from them and the surrounding circumstances.

Collateral undertakings, not a part of the main purpose of the transaction, that is, the conveyance of real estate, by their very nature show an intent that they should not be merged into the deed and, therefore, are not extinguished by the acceptance of the deed.

Respondent by contract agreed to purchase from appellant real estate, subject to a first mortgage, and to a second mortgage of $2,250 payable in quarterly installments of $75 or more, which mortgage was on record. Appellant delivered to respondent at the time of closing title a deed " subject to mortgages aggregating the sum of six thousand dollars and interest." After accepting the deed the respondent discovered that the second mortgage was due a little over three years from the date of the contract instead of over seven years, as therein stated. Respondent obtained judgment in an action for a breach of the contract. In reversing the judgment and directing judgment for appellant dismissing the complaint on the merits, *held*, that the deed was accepted without reservation or limitation; that there was no covenant or stipulation of the contract that remained unfulfilled and that the respondent took up the deed in full acceptance of the terms of the contract.

APPEAL by defendant from judgment of the Municipal Court of the city of New York, borough of Brooklyn, fifth district, after trial without a jury.

*Duncan & Campbell (A. Mitchell Klupt,* of counsel), for appellant.

*Philip V. Manning,* for respondent.

LAZANSKY, J. Plaintiff and defendant entered into a contract by which plaintiff agreed to buy from defendant and defendant agreed to sell to plaintiff certain property in Brooklyn at a price therein stated, subject to a first mortgage of $3,750 and to a second mortgage of $2,250, the latter payable in quarterly installments of $75 or more until the principal sum is paid. It thus appears that the final payment on the second mortgage would not have to be paid until the lapse of over seven years. At the time of closing of title a deed was delivered by the defendant to plaintiff which, after the habendum clause, recites: " subject to mortgages aggregating the sum of $6,000 and interest." It was afterwards disclosed to plaintiff that the mortgage which had been recorded was not payable, as set forth in the contract, but that the balance was due a little over three years from the date of the contract. Because of the difference in the dates of the expirations of the two mortgages, plaintiff sues for a breach of the contract. The question involved is whether or not the contract was merged in the deed. Before attempting to formulate a rule that may be applicable, it would be well to consider the authorities which have a bearing on this subject.

In *Houghtaling* v. *Lewis,* 10 Johns. 297, plaintiff and defendant

entered into an agreement by which defendant agreed to convey to plaintiff by warranty deed a certain farm which defendant warranted to contain no less than fifty-eight acres. It afterwards developed that there were only fifty-five acres. The opinion indicates that it was found as a fact that at the time the deed was delivered it was unconditionally accepted and declared to be in satisfaction of the articles of agreement, and that the latter were null and void and were to be canceled. The following is stated in the opinion: " Articles of agreement for the conveyance of land are, in their nature, executory, and the acceptance of a deed, in pursuance thereof, is to be deemed, *prima facie,* an execution of the contract, and the agreement thereby becomes void, and of no further effect. Parties may, no doubt, enter into covenants collateral to the deed, or cases may be supposed when the deed would be deemed only a part execution of the contract, if the provisions in the two instruments clearly manifested such to have been the intention of the parties. But the *prima facie* presumption of law arising from the acceptance of a deed, is that it is an execution of the whole contract; and the rights and remedies of the parties, in relation to such contract, are to be determined by such deed, and the original agreement becomes null and void. This appears to me to be a sound and salutary rule, and conformable to the doctrine of this court in the case of *Howes* v. *Barker* (3 Johns. Rep. 506). The Chief Justice, in that case, said he could not surmount the impediment of the deed which the plaintiff had accepted from the defendant; and that he thought himself bound to look to that deed as the highest evidence of the agreement of the parties. But in the case before us, we are not left to determine the legal effect and operation of a bare acceptance of a deed; for the parties, by their pleading, have put it in issue, as matter of fact, whether such acceptance was in full performance, satisfaction and discharge of the agreement; and the proof is, in my opinion, conclusive that the deed was so accepted; and the defendant, of course, is entitled to judgment."

In *Witbeck* v. *Waine,* 16 N. Y. 532, it was held that the execution and delivery of a deed by the vendor, under the terms of the contract for the sale of land, a portion of the purchase money remaining unpaid, and no fresh security therefor being taken, did not extinguish the contract in respect of a provision for an increase or rebate of the purchase money in proportion to any excess or deficiency which might exist in the land. The contract in that case provided that if the farm did not contain 130 acres the vendor would make a deduction of what the average price per acre is to the cost of the whole farm, and the purchaser agreed to pay in the same ratio

per acre to the seller if the farm should exceed 130 acres. The agreement provided for a bond and mortgage for the balance over and above the cash to be paid, and on the day of the delivery all the cash that was to have been paid was not paid and the mortgage was not delivered. The balance of the purchase money, however, was paid within a few days after the delivery of the deed. The court said (at p. 535): " Unless there is a sound distinction between the present case and those which were referred to by the defendant's counsel, we must hold the law to be that the delivery and acceptance of the conveyance canceled and extinguished the prior executory agreement, and that it cannot be any longer resorted to to ascertain the terms upon which the land was sold. It is a general rule of evidence, as well settled as it is salutary, that a written contract executed between parties supersedes all their prior negotiations and agreements upon the same subject. This is especially true where the final contract is an executed one, and those which preceded it were in their nature executory and looked for their consummation to a conveyance afterwards to be made. The rule, however, is not applicable where the last contract covers only a part of the subjects embraced in the prior one. Where, for example, one contracts, for a specified consideration, to convey land at a future time, and to do, at a still later period, other acts for the benefit of the other contracting party, or where the contract is for a series of acts to be performed at successive periods, it is plain that the prior contract is superseded only as to such of its provisions as are covered by the conveyance made pursuant to its terms. The agreement remains in full force as to all its other provisions."

The court refers to *Bogart* v. *Burkhalter*, 1 Den. 125, where a contract provided that the vendee should erect a particular kind of building and would not erect one which would be a nuisance to the adjoining property, and it was held " That the vendee could maintain an action for a breach of this agreement, though before the acts complained of he had conveyed the land to the vendee."

In the *Witbeck* case the court also states: " It is true, a bond and mortgage was to be given by the plaintiff for the unpaid purchase money when he should receive his deed. If these securities had been executed at the time the deed was delivered, and they had not contained a provision, respecting deficiency, like that in the contract, a different question would have arisen from the one now presented. No bond or mortgage being, in fact, given, the articles remained unperformed so far as the payment of the residue of the consideration was concerned. I am of opinion that they continued in force as to that residue. The provision for

reducing or increasing the amount of the purchase price, if the farm should fall short of or overrun one hundred and thirty acres, was a modification of the covenant to pay $7,200 for the farm. While that covenant remained unperformed it was subject to the influence of the clause by which it was qualified. The sum of $2,750 continuing unpaid after the deed was given, on the assumption that the land would hold out one hundred and thirty acres, it was liable to be increased or diminished according to the result of the measurement of the land. It does not seem to me that upon principle the deed stood at all in the way of justice being done between the parties according to the terms of their contract."

The court does not refer to the effect of the fact that a few days after the deed was delivered the balance of the purchase money was paid. It seems to me, upon the basis of the court's opinion, that such payment would have done what the court intimates the giving of the bond and mortgage would have done, if they had been given, to wit, to have ended the transaction between the parties.

In the *Witbeck* case reference is made to *Houghtaling* v. *Lewis*, *supra*, and the court refers to a part of the decision of Thompson, J., as significantly applicable to the *Witbeck* case: "'Parties may no doubt enter into covenants collateral to the deed, *or cases may be supposed where the deed would be deemed only a part execution of the contract*, if the provisions of the two instruments clearly manifested such to have been the intention of the parties.'"

In *Morris* v. *Whitcher*, 20 N. Y. 41, it was held that a conveyance of land given in pursuance of an executory contract did not merge or extinguish a stipulation in the contract that the vendor should retain possession of the premises beyond the period when the conveyance was made; that the conveyance was a performance of the vendor's agreement, and it and the stipulation of the purchaser to permit the vendor to remain in possession might coexist, if such was the intention of the parties. The court stated (at p. 46): " It needs no argument to prove that a simple covenant to convey is performed by a conveyance. The obligation being thus satisfied, that is the end of it. But it is just as plain, both in common sense and in law, that covenants which relate to other things than a mere conveyance are not thus performed or satisfied."

This general rule is stated: " In all cases then, where there are stipulations in a preliminary contract for the sale of land, of which the conveyance itself is not a performance, the true question must be whether the parties have intentionally surrendered those stipulations. The evidence of that intention may exist in or out of the deed. If plainly expressed in the very terms of the deed, the

evidence will be decisive. If not so expressed, the question is open to other evidence, and I think in absence of all proof there is no presumption that either party, in giving or accepting a conveyance, intends to give up the benefit of covenants of which the conveyance is not a performance or satisfaction."

Of course all that the court meant by this was that where there are collateral undertakings which are not satisfied by a deed those undertakings survive the acceptance of the deed. But is not the right of possession a part and an incident of the conveyance?

In *Murdock* v. *Gilchrist*, 52 N. Y. 242, the vendor agreed to sell a farm containing 100 acres at forty-four dollars per acre. After the vendee had paid the purchase-money price but before the delivery of the deed it was disclosed by the deed that the farm contained less than 100 acres and the vendee accepted it upon the understanding that the quantity of the land should be subsequently ascertained and an adjustment of the purchase money should be made upon the basis of the contract.

It will be observed in the cases cited thus far there were facts which indicated that it was not the intention of the parties that the deed should be a complete performance of the terms of the contract.

In the case under consideration the court (at p. 246) say: " The general rule is well settled, and it is a reasonable and salutary one, that when a preliminary contract for the sale of land has been executed by a conveyance, any inconsistencies between the contract and the deed are to be explained and governed solely by the latter, which is presumed to contain the final agreement of the parties."

In the deed, after the description of the land by metes and bounds, the number of acres is given as 98.20 more or less, and the court say: " The claim in this action that there were in fact but eighty-nine acres is not a contradiction of the deed, but is consistent with it." Then the court really decides the case, I think, on this basis: " * * * and although the execution and acceptance of a deed may be evidence *prima facie* of the completion of the whole contract, the presumption is, in this case, rebutted by proof of the express agreement of the parties." Here, again, is a case where it appeared that it was not the intention of the parties to conclude their respective obligations by the deed.

In *Remington* v. *Palmer*, 62 N. Y. 31, the defendant contracted to sell to plaintiff certain premises for $20,000, $5,000 down and the balance in installments. Defendant executed and sent to his agent a quitclaim deed, without covenants, he writing that he declined to give a warranty deed. Plaintiff before acceptance of the deed discovered that there was an assessment upon the premises

of $280 for a street improvement. The defendant paid the $5,000 with the understanding that plaintiff would pay the assessment when it fell due. It was held that because of this arrangement there was no merger of the contract in the deed. Here the facts disclose an intent not to treat the deed as full performance.

In *Wilson* v. *Randall*, 67 N. Y. 338, a contract for the sale of real estate, after describing the land by metes and bounds, continues: " containing fifty-four and fifteen one-hundredths of an acre, be the same more or less, for the sum of $350 per acre," which plaintiff agreed to pay. Before the delivery of the deed the defendant claimed that a mistake had been made and that there were fifty-six and fifteen one-hundredths acres; the purchase price for that quantity at the agreed price per acre was set forth as the consideration in the deed and was paid by the plaintiff. After the description in the deed the following words appeared: " containing fifty-six acres and fifteen one-hundredths of an acre of land (56 15 /100), be the same more or less." There were, in fact, but forty-eight and forty-seven one-hundredths acres. It was held that, " taking the contract and deed together," it appeared that the sale was by the acre, not by the piece, and that plaintiff was entitled to recover. The decision in that case seems to be based upon the theory that the plaintiff was entitled to recover because of a mistake induced by the untrue, though not fraudulent, representation of the defendant. The court refers to other decisions as follows: " In *Faure* v. *Martin* (7 N. Y. 210), where the agreement was to sell a certain farm containing ' ninety-six acres, be the same more or less, for the sum of sixty dollars per acre,' which, in fact, contained but eighty-six acres, and a deed was given with the same description, it was held that in the absence of fraud, mistake or representation, the vendee was not entitled to compensation for the deficiency. The same rule of construction was applied as in the case of *Mann* v. *Pearson* (2 J. R. 37), and the court were of opinion that the words ' more or less ' inserted in the description, indicated that the parties did not rely upon the statement of quantity, and that the purchaser was bound to pay for ninety-six acres at the price of sixty dollars an acre." The court say of *Faure* v. *Martin, supra,* " we are not fully satisfied that it was the true interpretation of the agreement."

In *Whittemore* v. *Farrington*, 76 N. Y. 452, the following is stated (at p. 457): " The question is then reduced to this. A party who, under a verbal agreement for the conveyance to him of lands, is entitled to insist upon a good title, and a deed with covenants, pays the consideration and is then tendered a deed without covenants. He demands a deed with covenants and this is refused. He then accepts the deed without covenants, and, believing the

title to be clear, records it, and continues to occupy and improve the property. An incumbrance unknown at the time to both parties is afterwards discovered. Both parties are innocent of any fraud. It is conceded that no legal liability rests upon the grantor in such a case. (*Bates* v. *Delavan*, 5 Paige, 300, 307; *Burwell* v. *Jackson*, 9 N. Y. 535.)" The court further say: " In the first place there was no mistake as to the character of the deed which was tendered and accepted. The grantee knew that by accepting it he took the risk of any defect in the title which might be discovered. He was not led into accepting it by any deception or suppression on the part of the grantor. Secondly the delivery and acceptance of the deed constituted a full execution of the prior parol contract. The title to the land passed under the deed and the original contract was merged in it. After a contract has been thus fully performed there can be no jurisdiction in equity to decree a second performance. In a proper case equity has jurisdiction, on the ground of mistake, to reform the instrument or deed by which a prior contract has been executed or performed, but to authorize the exercise of this jurisdiction there must have been a mutual mistake as to the contents of the instrument sought to be reformed, or else mistake on one part and fraud upon the other."

In *Smith* v. *Holbrook*, 82 N. Y. 562, the question arose on the assignment of a mortgage. The contract by which the mortgage was assigned provided that the mortgage should be a valid and a first lien on the mortgaged premises, and that the property covered thereby should then be of the value of $4,000. It was held that the provision of the contract as to the value of the property survived the delivery of the assignment. The court stated: " There is no inconsistency in holding that the assignment transferred the legal title to the mortgage and so far was a performance of the prior contract, and that the covenant as to the value of the mortgaged premises remained, notwithstanding the assignment, unextinguished, and enforceable by action." It was held that the covenant as to value was an independent covenant of which the assignment was not a performance. The court stated: " If the contract had been that Holbrook [the assignor] should assign the mortgage by an instrument containing a covenant that the mortgaged property was of the value of $4,000 and she had accepted an assignment containing no such covenant, there might be ground for the presumption that the covenant was extinguished or had in some way been satisfied."

In *Disbrow* v. *Harris*, 122 N. Y. 362, the contract for the sale

12

of real estate contained a provision that plaintiff was to deliver the house on premises in good condition and put in three new grates. On closing of title it was agreed that the purchaser should be allowed $50 for the grates and was permitted to retain $300 to complete sidewalks and iron stoop and when done the vendor was to receive the money. The action was to recover the balance alleged to be due upon the contract, and the defendant by way of counterclaim alleged that the house was not delivered to him in good condition, and specifically alleged defects, not including any failure of the plaintiff to perform the agreement made when title was closed. The court states the rule as follows: "When a deed of conveyance is made and accepted pursuant to an executory contract to sell and convey land containing stipulations of which the conveyance is not necessarily a performance, the question whether such stipulations are surrendered is treated as one of intention; and in the absence of evidence upon the subject there is no presumption of intention to give up those benefits or that they are satisfied by the conveyance. (*Morris* v. *Whitcher*, 20 N. Y. 41; *Witbeck* v. *Waine*, 16 id. 532; *Murdock* v. *Gilchrist*, 52 id. 242.) The provision, before referred to, in the contract for the sale of the premises, came within this rule, and the benefit of it to the defendant may have survived the conveyance if nothing had intervened to have defeated it. But when, to complete the performance of the contract and as preliminary to the conveyance, the parties came together and made the agreement to the effect that the payment of the small amount retained of the purchase-money was made dependent only upon the performance of the certain things therein specifically mentioned, it may be assumed that they intended that with that exception, the provisions of the contract should, in all other respects, be treated as satisfied by the conveyance thereupon made * * *." In other words, the provision of the contract that the house should be delivered in good condition was merged in the deed, in light of the subsequent arrangement. However, this was purely a question of an undertaking collateral to the main purpose of the contract, to wit, the conveyance of real property.

In *Schoonmaker* v. *Hoyt*, 148 N. Y. 425, the general rule is stated (at p. 429) as follows: "The general rule seems to be that where there is a contract for the sale of land, by the terms of which a deed is to be subsequently given, the delivery and acceptance of the deed merges the contract in it, and the contract is superseded by the deed as to such provisions as are covered by the conveyance made in pursuance of its terms, and remains in force only as to any other provisions it may contain."

In *Carr* v. *Roach*, 2 Duer, 20, the following is stated (at p. 25): " The general principle then deducible from all the cases in this State would seem to be this, that where there is a contract for the conveyance of land and a deed is subsequently executed and accepted by the vendee, it operates, so far as the vendor is concerned, as an execution and merger of the contract, except there may be covenants in the contract which are collateral, and not connected with the title, possession, or quantity of the land."

In that case by the contract the vendor agreed that the premises shall be free from all incumbrances save the mortgage, and that he would deliver a warranty deed. The deed that was delivered contained no covenant except grantor's acts and was accepted by the vendee without objection. It appears that before the delivery of the deed a tax was imposed upon the premises and the vendee had to pay it, and it was held he could not recover. The rule stated, that collateral covenants, not connected with title, possession or quantity of land, is not in accord with *Morris.* v. *Whitcher*, *supra*, where a covenant that the vendor should remain in possession after the conveyance was held to survive delivery of the deed.

In *Gerhardt* v. *Sparling*, 49 Hun, 1, it appears that defendant agreed to sell to plaintiff his farm of 246 acres of land known as the Scott farm. A conveyance was made in which the land was described by metes and bounds, ending with the statement, " containing two hundred and forty-six and ninety one-hundredths of an acre of land, be the same more or less." The vendee entered into possession and thereafter discovered the fact that the farm contained but 230.75 acres. The action was brought to recover that portion of the purchase price for the number of acres the farm did not contain. The court refers to *Witbeck* v. *Waine*, 16 N. Y. 532, and *Murdock* v. *Gilchrist*, 52 id. 242. It held that the evidence did not warrant a finding that the land was sold by the acre, and cites *Bull* v. *Willard*, 9 Barb. 641, as the basis therefor. " Contracts for the sale of land are in their nature executory, and generally the acceptance of a deed, in pursuance of a contract, is *prima facie* an execution thereof; and the rights and remedies of the parties are to be determined by the deed, and the agreement thenceforth becomes void and of no further effect; but parties may enter into covenants collateral to the deed, and cases may arise in which the deed would be regarded as only a part execution of the contract where the provisions of the two instruments clearly manifest such to be the intention of the parties; that the covenant, in order to be deemed collateral and independent, so as not to be destroyed by the execution of the deed, must not look to nor be connected with the title, possession, quantity or emblements of the

land which is the subject of the contract; if it does the execution of the deed, in pursuance of the contract, will operate as an extinguishment of it."

In *Brunswick Construction Co.* v. *Burden,* 116 App. Div. 468, the general rule is stated as follows: " The rule is that the contract for the conveyance of real estate is only merged in the deed, which relates back to the date of the contract (*Simmons* v. *Cloonan,* 47 N. Y. 3), to the extent that the deed is a performance thereof, and that all other stipulations and agreements therein, unless shown by other evidence to have been abandoned, survive the execution and delivery of the deed, notwithstanding the fact that they were not incorporated or reserved therein." The case had to do with the question of removal of fixtures.

In *Rosenberg* v. *Wilson,* 120 App. Div. 554, it was stated that a fence agreement, though not in writing, would survive the acceptance of the deed by the vendee, unless such deed was accepted as a complete performance of said contract, which would, of course, depend upon the intention of the parties.

In *Johnson* v. *State of New York,* 188 App. Div. 33, there were certain tax liens on the property sold, and the court says: " But even if there was an implied warranty against these tax liens in the executory agreement it was merged when the deed was given. By accepting the quitclaim deed the purchaser waived any remedy he had up to that time."

From these cases the following rule may be deduced: A contract for the sale of real estate is merged in the deed when the latter is intended to be accepted in full performance of the former. This intention may be derived from the instruments alone or from them and the surrounding circumstances. Collateral undertakings, not a part of the main purpose of the transaction, that is, the conveyance of real estate, by their very nature show an intent that they should not be merged into the deed and, therefore, are not extinguished by the acceptance of the deed.

In the case at bar the deed was accepted without reservation or limitation. There was no covenant or stipulation of the contract which remained unfulfilled. As matter of fact, there was no covenant that the second mortgage was to be for the term specified in the contract but the property was to be taken subject to mortgages for the sums and terms stated. When plaintiff accepted the deed without any description of the mortgage, she must be deemed to have taken it in full acceptance of the terms of the contract. There is nothing indicating a contrary intent. If the deed did not correctly or fully embody the terms of the contract plaintiff should not have received it. *Long* v. *N. Y. C. R. R.,* 50

N. Y. 76. The action is for a breach of contract and there can be no relief on the theory of fraud or mistake. It may be that plaintiff can obtain relief in equity.

Judgment unanimously reversed on the law, with thirty dollars costs to the appellant, and judgment directed for defendant dismissing the complaint on the merits, with appropriate costs in the court below.

CROPSEY and FABER, JJ., concur.

Judgment reversed.