Theodore Velsor, J.
This is an action for breach of a contract for the sale of real property, tried by the court without a jury. Title was closed and a deed was delivered and accepted. The gravamen of this matter involves the personal property clause.
Plaintiffs testified that prior to entering into this contract, the premises contained a large pink two-door refrigerator-freezer in the kitchen, a Lady Kenmore washer and dryer in the basement, and a floor to ceiling wrought iron room divider in the living room; that the defendants expressly stated that those items were new and were included in the sale; that the wrought iron room divider was bolted into place in the ceiling, floor and sidewall. Plaintiffs further testified that each window was equipped with aluminum combination storm windows and screens; that jalousie doors also had storm panels; that there were scalloped window shades throughout the house and that each of the four closets contained traverse rods.
After the closing, sellers remained in possession for three days, pursuant to agreement. When plaintiffs took possession and entered the premises after the defendants surrendered the same, they testified they found that the new pink refrigerator had been removed and replaced by an older white refrigerator; the new Lady Kenmore washer and dryer had been replaced by an older B. C. A. Whirlpool washer and General Electric dryer; the floor to ceiling wrought iron room divider had been removed; several storm windows or panels were missing; several window shades were missing and the traverse clothes rods had been removed from all the closets. Plaintiffs ’ testimony was corroborated by the real estate broker, a licensed attorney, who also testified that defendants submitted a list of personal property to him at the time the property was listed for sale in which *333 defendants assigned a total value of $1,000 to the pink refrigerator and the Lady Kenmore washer and dryer, which defendants assured him were new. The broker attorney also produced an adding machine tape with items listed thereon including the appliances, and the values defendants placed against said items. This testimony as to the value defendants themselves assigned to these three items was uncontradicted.
Defendants testified that they never had a pink refrigerator or a Lady Kenmore washer and dryer, and that the appliances left in the premises were the same as those plaintiffs saw before executing the contract. This testimony was repeated by neighbors who were called as witnesses. Defendants admitted removal of the room divider, but assert it was not part of the realty and not mentioned in the personal property clause. Defendants also admitted having removed the closet traverse rods. They denied that all windows had been equipped with shades and that any shades had been removed; and denied any existing storm windows had been removed.
Defendants moved to dismiss the complaint on the ground that the contract merged in the deed. The principle of merger does not apply to a collateral undertaking which is not connected with the title, possession or quantity of land (92 C. J. S., Vendor & Purchaser, § 242; Kilbane v. Scarsdale Downs Homes, 132 N. Y. S. 2d 234). The general rule is that where by the terms of a contract a deed is to be given, delivery and acceptance of the deed merges the contract in it, and the contract is superseded by the deed as to such provisions as are covered by the conveyance made in pursuance of its terms, and remains in force only as to any other provision it might contain. (Schoonmaker v. Hoyt, 148 N. Y. 425, 429.) Where collateral undertakings are not satisfied by acceptance of a deed, those undertakings survive. (Lambert v. Krum, 121 Misc. 170.) Whether the acceptance of a deed extinguishes the collateral obligation is dependent upon the intention of the parties (Disbrow v. Harris, 122 N. Y. 362; Price v. Woodward-Brown Realty Co., 190 N. Y. S. 561, affd. 201 App. Div. 837). This intention may be derived from the instrument and the surrounding circumstances. Collateral undertakings not a part of the main purposes of the transaction, namely conveyance of real property, which by their very nature show an intent that they should not be merged in the deed, are therefore not extinguished by the acceptance of the deed. (Lambert v. Krum, 121 Misc. 170, 180, supra.)
In applying these principles to the case at bar, I hold that the personal property clause survived the delivery of the deed, and defendants ’ motion to dismiss is denied.
*334 The first issue to be determined is whether the terms of the contract called for the appliances for which plaintiffs contend. The language used is “All fixtures and articles of personal property attached or appurtenant to or used in connection with said premises are included in this sale; without limiting the generality of the foregoing, such fixtures and articles of personal property include * * * ranges (1), refrigerators (1) * * * washing machine and dryer.” I construe the words “ attached to or appurtenant to or used in connection with ” to speak as of the time the contract was executed. Any other interpretation would do violence to the obvious intention of the parties and render the provision meaningless.
The next question involves a determination of which appliances were in use in the premises prior to and at the time of the execution of the contract. This is a straight question of credibility. On this issue I find in favor of the plaintiffs. 1 also find that the room divider was not permanently affixed to the structure, did not form a part thereof, and was not intended to pass with the realty; I further find that the required shades, storm windows and screens were substantially delivered.
Turning to the question of damages, the only testimony regarding the value of the refrigerator, washer and dryer, was the broker’s testimony that defendants valued the three together in the total sum of $1,000. However, since this testimony was not contradicted, it will be accepted. Plaintiffs are therefore awarded judgment against the defendants in the sum of $1,000, together with costs and disbursements. All motions upon which decision was reserved are denied.