Davis, J.
In an action upon a breach of a covenant ' of seizin and of good right to convey, the measure of damages is the amount of the consideration, when it can be ascertained, and the interest. This is the rule in this state, as elsewhere; but the consideration expressed in the deed is not conclusive. The deed is only prima facie evidence of the consideration. Although the actual consideration may be different in kind or amount from that named in the deed, or although the deed may contain no expressed consideration, the consideration may be proved by evidence de hors the deed. This is the well settled rule in this country. Rawle on Covenants, sections 173, 174, 175; 2 Sutherland on Damages, section 595; 2 Devlin on Deeds, section 895. *461 'For this reason the circuit court erred in reversing the judgment of the court of common pleas upon the ground that the contract of sale alleged in the petition and set forth in the bill of exceptions was not competent evidence to show that such sale was for a fixed price per acre, instead of a gross sum as expressed in the deed. The judgment of the circuit court is defended on the authority of Brumbaugh v. Chapman, 45 Ohio St., 368. This application of the decision in that case apparently results from a misconception of the point decided, which point is that a stipulation for the sale and conveyance of land is executed by the delivery of a deed for the land by the vendor and an acceptance of it by the vendee as a performance of the stipulation. The contract, “so far as it embraced this particular stipulation,” was held to be “merged in the deed, and, to use the language of the books, became executed by it. And it was held “that the execution and delivery of the deed was intended by the one, and accepted by the other, as a performance of the stipulation of the agreement to convey whatever by its terms was to be conveyed.” The court, in the opinion by Minshall, J., carefully distinguishes Brumbaugh v. Chapman, supra, from Reid v. Sycks, 27 Ohio St., 285; Whitbeck v. Waine, 16 N. Y., 532; Vail v. McMillan, 17 Ohio St., 617; and Burckhardt v. Burckhardt, 36 Ohio St., 261, all of which cases involved the same principle as that in issue in this case, namely, that the deed is not conclusive as to the consideration paid or agreed to be paid by the purchser; and it was tersely said that “As a rule the deed does not execute any of the stipulations of the vendee as to the consideration to be paid for the property. Its office is to execute the agreement on the part of the vendor.” Thus the theory upon which *462 the circuit court held that the contract should have been excluded from the evidence is shown to be untenable. The trial court, however, not only admitted the contract in evidence, but also held that it conclusively showed that the consideration for each and every acre of land was five hundred dollars, and that such is the measure of damages, without regard to the relative or actual value of the land. Is this the correct view? If so the judgment must stand, otherwise it should be reversed.
It is the contention on the part of the plaintiff in error that Avhere lands have been sold at a uniform price per acre, the measure of damages on a breach of the covenant of seizin as to a part only is the actual value of the land to which the title has failed, and not the price paid per acre. It must be admitted that where there has been a breach of the covenant as to a part of the land conveyed, the general rule, as recognized in this state and in most other jurisdictions, is that if the land is not all of the same quality, the measure of damages is such proportion of the consideration as the value of the land of which the grantor was not seized bears to the value of the whole premises. Backus v. McCoy, 3 Ohio, 222. On the other hand it must be conceded that where the land conveyed is all of the same quality the measure of damages is such proportion of the consideration as the quantity of the land lost bears to the whole quantity conveyed; for it must be obvious that when a deed conveys a stated quantity of land Avhich is uniform in quality or value, for a consideration expressed in gross amount, the actual loss upon a breach of the covenant of seisin as to a part would be a part of the consideration determinable by the proportion which the part of the iand to which the title failed bears to the whole quantity *463 conveyed. In such case the covenantee recovers for the lost land exactly what he paid for it, with interest. But in the case which we now have under consideration there is no occasion for resort to these artificial rules for ascertaining the consideration paid for the part of the land as to which the covenant of seisin and of good right to convey was broken. The parties themselves have put it beyond dispute. When the contract of sale and purchase is read in connection with the deed we ascertain, beyond cavil, that the vendor conveyed two hundred and sixty-six acres of land, neither more nor less, for the price of five hundred dollars for each and every acre without exception, aggregating the gross amount of one hundred and thirty-three thousand dollars, as expressed in th* deed. Therefore, the consideration which was actually paid for the three and twenty-four hundredths acres deficient is conclusively shown to be sixteen hundred and twenty dollars, for which, with interest from the date of the conveyance, which was also th* time of the breach of the covenant, the plaintiff was entitled to judgment. This is in fact a recovery of the value of the land as estimated by the parties at the time of the purchase.

The judgment of the circuit court is reversed, and that of the cotort of common pleas affirmed.

Buricet, C. J., Spear and Price, JJ,, concur.