clearly establishes a failure to return all the goods delivered to defendant.

[1] No receipt was given to plaintiff for the goods at the time of their delivery, but some four or five weeks after the delivery of the goods to the defendant a receipt was sent to plaintiff which contained a clause limiting defendant's liability to $50 for each piece or package unless the value thereof is made known at the time of storage. The contention of the defendant that this constituted a contract between plaintiff and defendant as of the time of the delivery of the goods is not tenable, and the court erred in charging the jury to that effect. See Guillaume v. General Transportation Co., 100 N. Y. 491, 3 N. E. 489.

[2] The court further erred in charging the jury:

"If there is a reasonable doubt in the mind of the jury whom to believe, they will find a judgment for the defendant."

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

(72 Misc. Rep. 408.)

CATHEDRAL COURT CO. v. SUN CONST. CO.

(Supreme Court, Appellate Term. June 29, 1911.)

DEEDS (§ 94*)—CONTRACTS—PERFORMANCE—EFFECT.

A contract for the sale and purchase of real estate, which is performed by the payment of the price and the delivery and acceptance of the deed, is superseded by the deed, and, in the absence of fraud, no action thereafter lies on the contract; but the remedy of the purchaser, if any, is on the covenants in the deed.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 266; Dec. Dig. § 94.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Cathedral Court Company against the Sun Construction Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Krakower & Peters, for appellant.
Strasbourger, Eschwege & Schallek, for respondent.

GUY, J. Defendant appeals from a judgment in favor of plaintiff, entered after a trial before a judge without a jury. On February 10, 1910, the defendant entered into a contract with plaintiff's assignor for the sale of certain premises in 113th street. The contract of sale contained the following clause:

"And subject, also, to 28 leases which have been examined and which are initialed 'S. S.,' which leases are now in force, but the performance of which is not guaranteed by the party of the first part."

On March 15, 1910, title to the premises, pursuant to the contract in question, was closed and deed delivered to plaintiff's assignor, conveying the premises subject to the leases in question. Subsequently plaintiff's assignor conveyed the premises to the plaintiff, and, it is claimed by respondent, subsequently assigned to plaintiff the contract previously made between plaintiff's assignor and the defendant. Some time thereafter plaintiff began an action against one Fraunhaar, one of the lessees referred to in said contract, to recover rent for the months of July, August, and September, 1910, amounting to the sum of $180. Fraunhaar appeared in the action and answered, alleging that he was merely a monthly tenant, and had paid his rent up to the time when he had vacated the premises on June 30, 1910. Notice of said action was given to this defendant. The action was subsequently tried and judgment rendered in favor of the lessee, dismissing the complaint on the merits. Plaintiff then brought this action against the defendant to recover the amount of said rent, together with the costs of the action which he brought against the lessee.

It is urged by the appellant that the delivery of the deed to plaintiff's assignor constituted a complete performance of the contract, and that the contract is no longer in force, but is superseded by the deed delivered in performance thereof and accepted by plaintiff's assignor. The respondent cites in opposition to appellant's contention Witbeck v. Waine, 16 N. Y. 532, and Disbrow v. Harris, 122 N. Y. 362, 365, 25 N. E. 356, where the court held that where a portion of the purchase money remains unpaid the execution and delivery of a deed by a vendor, pursuant to an executory contract of sale of land, does not extinguish the contract. As the ruling of the court in the cases cited is based upon the fact of nonfulfillment, the full purchase price not having been paid, these cases have no applicability to the case at bar, where the evidence establishes that there has been complete performance of the contract by payment in full of the purchase price and delivery and acceptance of the deed. The contract, having been fully performed, was superseded by the deed, which was delivered in full performance thereof, and is, therefore, no longer in force, and no action thereon can be maintained. See Schoonmaker v. Hoyt, 148 N. Y. 425–429, 42 N. E. 1059; also, Witbeck v. Waine, 16 N. Y. 532–535.

There is no allegation of fraud, and no proof of fraud was offered. This action is purely an action on the contract (see plaintiff's bill of particulars), which is no longer in force. Whether plaintiff has a cause of action based upon the covenants contained in the deed, as construed in the light of the contract in performance of which it was delivered, cannot be determined in this action.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.