### In re WASSERMAN.

No. 43346.

District Court, E. D. New York.

June 15, 1943.

I. Arnold Ross, of New York City, for trustee.

Harry K. Nadell, of Brooklyn, N. Y., for bankrupt.

George G. Lake, of New York City, for claimant.

MOSCOWITZ, District Judge.

The Trustee seeks to review the petition of the Referee denying his application to obtain the cash surrender value of certain life insurance policies issued upon the life of the bankrupt.

The question for consideration is whether the bankrupt is indebted to a creditor whose claim exists by virtue of enforceable written instruments ante dating March 31, 1927.

On February 27, 1926, the bankrupt entered into an agreement (respondent's Exhibit A) with Tracy-Pearl & Co., Inc.; by the terms of this agreement the bankrupt purchased certain real property; the deed was to be delivered upon the payment of the purchase price. While it is of little consequence, it might be noted that the agreement was not under seal. The purchase price under the agreement was $2,000. Up to January 22, 1929, there was a balance due under the agreement of $865. At that time the seller executed and delivered to the bankrupt the deed to the property and simultaneously therewith the bankrupt executed a bond (respondent's Exhibit B) in the sum of $865 which was secured by a mortgage (respondent's Exhibit C) on the premises. By the terms of the bond and mortgage the bankrupt agreed to pay $15 in equal monthly installments with interest.

On August 1, 1929, Tracy-Pearl & Co., Inc., assigned the bond and mortgage to the Credit Trading Corporation. Thereafter the Credit Trading Corporation assigned the bond and mortgage to the Amityville Development Corporation, the creditor in this proceeding, by assignment in writing (Trustee's Exhibit 8).

The creditor's claim herein does not ante-date March 31, 1927. Its predecessor in interest by virtue of the bond and purchase money mortgage did not become a creditor until January 22, 1929, when the purchase money bond and mortgage were executed.

The contract of sale being an executory contract merged with the deed and is not enforceable. See Witbeck v. Waine, 16 N.Y. 532; Schoonmaker v. Hoyt, 148 N.Y. 425, 42 N.E. 1059.

The bankrupt was duly adjudicated as such on August 18, 1942. At that time he had two policies of life insurance. The policies provided that in the event of his death the face value thereof should be paid to his wife. The bankrupt reserved the right to change the beneficiary.

It appearing that the contract merged with the deed, the bankrupt is not indebted to a creditor whose claim arose from enforceable written instruments ante-dating March 31, 1927.

The determination made by the Referee will not be disturbed.