MOSKOWITZ et al. v. SCHWARTZ.

(Supreme Court, Appellate Term. January 5, 1911.)

SALES (§ 391*)—RESCISSION BY BUYER—RECOVERY OF EARNEST MONEY.

 . A purchaser, who defaults in his contract to buy a bakery, cannot recover back earnest money, less the damages of the seller; but the default acts as a forfeiture of a partial payment.

 [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1127; Dec. Dig. § 391.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Max Moskowitz and David Moskowitz against Morris Schwartz. From a judgment for plaintiffs defendant appeals. Reversed and remanded.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Samuel W. Phillips, for appellant.

Leo Schaffer, for respondents.

GIEGERICH, J. The plaintiffs agreed to purchase from the defendant a bakery for the sum of $2,700. They paid to the defendant $100 at the time the contract of sale was made, but subsequently re-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fused to complete the purchase. This action is now brought by the plaintiffs to recover back the $100. Upon the trial the defendant claimed that he had paid $25 for legal expenses,' and had also paid a broker's commission of $75. The character of the testimony was such that there was good ground for the trial justice to believe that the $75 had not been paid, and he manifestly took this view of the evidence, because he rendered judgment for $75 damages.

The plaintiffs seek to bring this case under the principle of cases like Chaude v. Shepard, 122 N. Y. 397, 25 N. E. 358, which hold that where a tenant makes a deposit as security for the performance on his part of his covenants under the lease, and defaults, the landlord is entitled to retain only the amount of the damages he has sustained, and must return the balance to the tenant. The present case falls rather within the rule of Lawrence v. Miller, 86 N. Y. 131, that a partial payment made by a purchaser cannot be recovered back by him, if he defaults in his contract to take the property purchased. This rule has been frequently applied by the courts of this state in instances where partial payments have been made on account of the purchase price; one of the most recent of such applications being Beveridge v. West Side Construction Co., 130 App. Div. 139, 114 N. Y. Supp. 521.

In this case, therefore, if the plaintiffs were not in default under their agreement to purchase, they are entitled to recover back the entire amount paid by them; while, if they were in default, they are not entitled to recover anything. The trial justice evidently proceeded on an erroneous theory of law.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.