SAMUEL MOSS, Plaintiff, *v.* SOLOMON RUBENSTEIN, Defendant.

(Supreme Court, Bronx Special Term, December, 1921.)

Vendor and purchaser—title—specific performance—maintaining garage in city of New York in which vehicles are stored for hire, in violation of building zone resolution, held not to constitute an incumbrance — notice from fire department — deduction from purchase price refused — complaint dismissed.

Where a contract for the sale of premises subject to building restrictions and regulations, etc., provided that all notices of violations of law or municipal ordinances noted in or issued by the fire department of the city of New York against or affecting the premises at the date of the contract, shall be complied with by the seller, and the premises conveyed free of the same, an order of the fire department, since complied with,

25

served upon the seller to discontinue the maintenance of a garage in which were kept motor vehicles which are subject to charges for storage in violation of a duly adopted zoning resolution, which violation had its inception before and had continued since the date of contract of sale, creates no incumbrance upon the title, the situation being covered by the express terms of the contract, but even if this were not so, the zoning resolution did not constitute such an incumbrance.

Where in an action in equity to procure a judgment for an abatement upon the purchase price of the premises by reason of the alleged defect in title, or in the event that it be adjudged that defendant cannot convey a good title, that plaintiff have judgment for the amount of his deposit on the purchase price with interest, the answer, which was practically a general denial, alleges that the only reason why plaintiff refused to accept the deed tendered by defendant and offered to pay the balance of the purchase price, was said order of the fire department and it is apparent that in any aspect that can be taken of the case, plaintiff is not entitled to an abatement from the purchase price on account of loss of income he expected to get from the premises and it is clear that plaintiff and not defendant had failed to comply with the terms of the contract, he cannot recover back the money paid thereon, and defendant is entitled to judgment dismissing the complaint upon the merits with costs.

Action in equity to procure a judgment for an abatement on the purchase price of real property by reason of an alleged defect in the title and that upon payment of the residue of the purchase money the defendant be directed to specifically perform the agreement, or should the court adjudge that the defendant cannot convey a good title that the plaintiff have a money judgment for $1,000 paid as a deposit on the said purchase price with interest and for costs and expenses of examination of title and damages.

Samuel Koffler, for plaintiff.

Ernest J. Magan, for defendant.

Giegerich, J. The complaint alleges the making of a contract by the plaintiff with the defendant on April

29, 1921, for the purchase of the premises known by
the street number 1690 Nelson avenue, in the borough
of The Bronx, New York city, for $10,000, free of any
" liens or attendances or violations " of the fire or
other departments having jurisdiction " against or
affecting the premises at the date hereof;" the pay-
ment of $1,000 on account of the purchase price; that
the plaintiff is ready and willing to pay the residue
of the purchase price for a " good and marketable
title of said premises and a proper deed of the fee
thereof, free from all incumbrances, according to the
contract;" the tender of the residue of the purchase
money, and that the defendant has refused and still
refuses to deliver a conveyance of said premises in
accordance with the provisions of the said agreement;
that defendant's title is " encumbered by a violation
of the fire department of the city of New York," and
" that by even taking off the said violation the said
plaintiff will, as a result of the said violation being
taken off, lose an income of three hundred and sixty
($360) dollars per annum;" that the contract would
not have been entered into were it not based on the fact
that the plaintiff would receive an income from certain
garages on said premises in the sum of at least $360
per year, " which the fire department now seeks to
make impossible for said garage to remain on the said
premises, and the said fire department considers it a
violation of the law to have such a garage on the
premises; " that plaintiff in good faith has spent $75
in searching the title to said premises, and that if
defendant is unable to make good title of said prem-
ises the plaintiff will thereby be damaged to the extent
of $5,000. The prayer for relief is (1) that a just
reduction be made from the purchase price because
the property will be worth at least $5,000 less than if
the defendant were able to deliver a deed permitting

the plaintiff to have on the said premises the said garage, and that on payment by the plaintiff of the residue of said purchase money defendant be decreed to specifically perform said agreement, and (2) if he cannot make good title that the defendant be adjudged to pay to the plaintiff his $1,000 deposit, with interest, together with plaintiff's expenses made and incurred under the agreement, and also $5,000 damages, and that such sums and the costs of this action be declared a lien on said premises, and said lien be foreclosed by a sale thereof, and that plaintiff have judgment for any deficiency. The answer is substantially a general denial, except that it admits ownership and the execution of the agreement, and alleges that the only reason the plaintiff refused to accept the deed offered by the defendant and to pay the balance of the purchase price was a certain order of the fire department issued May 10, 1921, directing the use of the garage referred to in the complaint, subject to charge for storage, be discontinued as violative of the restrictions imposed by the Building Zone Law, and that the defendant gave the plaintiff notice to complete the purchase on August 5, 1921, at ten A. M., or be deemed in default, and that the plaintiff refused to perform. The contract entered into between the parties contains, among other provisions, the following: " Said premises are sold subject to building restrictions and regulations in resolution or ordinance adopted by the Board of Estimate and Apportionment of the City of New York July 25, 1916, and amendments and additions thereto now in force," and " all notes or notices of violation of law or municipal ordinances * * * noted in or issued by the * * * fire department * * * against or affecting the premises at the date hereof shall be complied with by the seller, and the premises

shall be conveyed free of the same." On May 10, 1921, the fire department of the city of New York served an order on the defendant to " discontinue the maintenance of garage in which is kept motor vehicles that are subject to charges for storage on these premises." The notice continues: " Explanation: This order is issued for the reason that the maintenance of the use or occupancy referred to above is a violation of the building zone resolution adopted by the Board of Estimate and Apportionment of the City of New York on July 25, 1916, premises affected by this order being located in a portion of the city designated by said resolution as a residence district." The building zone resolution referred to in the foregoing order restricts only the use of the garage on the premises " subject to charges for storage; " that is, for renting purposes; and it does not prohibit or restrict the use beyond that. This order has since been complied with. The plaintiff claims that " defendant's title is encumbered by a violation of the Fire Department of the City of New York," and that even if the violation is removed plaintiff will lose an income of $360 per year he expected to get from the premises in question. I cannot agree with plaintiff's view that the order served by the fire department creates an encumbrance on the defendant's title. That order simply ordered the discontinuance of a violation of the so-called zoning resolution which had evidently continued for some time, and which certainly had its inception before and had continued since April 29, 1921, the day on which the contract of sale was entered into. This very situation is covered by the express provision of the contract above set forth relative to the said premises being sold subject to building restrictions and regulations of the so-called zoning resolution. Even if this were not the case the so-called zoning resolution does

not constitute an incumbrance upon the premises in suit. *Lincoln Trust Co.* v. *Williams Building Corp.,* 229 N. Y. 313. I do not agree with plaintiff's contention that because he will not receive an income of $360 per year which he says he expected to get from the garages on the premises he is entitled to equitable relief diminishing the purchase price and decreeing specific performance on that basis. It should perhaps be observed in this connection that there is no evidence in this case that the defendant, for the purpose of inducing the plaintiff to enter into the contract in suit, made any representations to him that the garages could be used for the storage of motor vehicles that are subject to charges for storage or that any income might be derived from the renting of such garages to the public for such a purpose, or that there was any understanding between the parties as to the purposes for which the property was bought by the plaintiff, or the use he might make of any part thereof, or as to any income, if any, which might be derived from the renting of the garages to the public for the storage of motor vehicles that are subject to charge for storage. The complaint alleges: *" Seventh,* That the contract above referred to would not have been entered into between the plaintiff and the defendant were it not based on the fact that the plaintiff would receive an income from certain garages on the said premises in the sum of at least three hundred and sixty ($360) dollars per year, which the fire department now seeks to make impossible for said garage to remain on the said premises and the said fire department considers it a violation of the law to have such a garage on the premises.'' According to the plaintiff's brief all that he claims is " that the agreement referred to would not have been entered into were it not made in contemplation that the premises could be

used for garage purposes and the purchaser would receive therefrom an income of at least three hundred and sixty ($360) dollars per year, and that the violation filed against said premises by the fire department now makes it unlawful and therefore impossible to use the premises for such garage purposes." Such allegations and statements fall far short of showing that the defendant knew that the plaintiff entered into the contract for the purpose of renting the garages to the public, and the plaintiff's requested finding of fact that the contract was entered into by him " with the intent and contemplation to continue to use the property for garage purposes, subject to the charge for storage and such use and which was well known to defendant," has been refused because there is no evidence to support it. In the absence of proof of either of the necessary facts above referred to there is no valid ground upon which a claim for a deduction or abatement can be sustained. Moreover, the defendant tendered a deed for the very property he contracted to convey, and in strict compliance with the terms of his contract with the plaintiff, but the latter refused to complete the transaction according to the contract and demanded a reduction in the amount of the purchase price. The rule applicable to a claim for a deduction or abatement from the purchase price because of an alleged defect in the vendor's title is stated with great clearness by Mr. Justice Patterson in *Sokolski* v. *Buttenwieser,* 96 App. Div. 18, 22, as follows: " Abatement from the purchase price has been allowed for deficiency in title as to the quantity or quality of the property sold, but none of the cases in this State have gone to the extent of making an allowance in diminution of the purchase price named in an executory contract for the sale and purchase of land, where such an allowance would be contrary to the

terms of the contract and to the express stipulations of the contracting parties and where it would in effect be making a new contract between them.'' Applying this rule to the case at bar, it is apparent that in any aspect that can be taken of the case the plaintiff is not entitled to the deduction or abatement sought. It being clear that the plaintiff, and not the defendant, has failed to comply with the terms of the contract, and that he is in default, the plaintiff cannot recover back the money paid thereon (*Lawrence* v. *Miller,* 86 N. Y. 131; *Steinhardt* v. *Baker,* 163 id. 410; *Beveridge* v. *West Side Const. Co.,* 130 App. Div. 139, 114 N. Y. Supp. 521; *Moskowitz* v. *Schwartz,* 126 N. Y. Supp. 632; *Feldmann* v. *Reliant Holding Co.,* 129 id. 504), or have a specific performance of the contract (*Steinhardt* v. *Baker, supra*), and it would therefore seem from what has preceded that no relief of any sort can be granted to him in this action. The defendant is therefore entitled to judgment dismissing the complaint upon the merits, with costs. The requests for findings of the respective parties have been passed upon as indicated on the margins thereof. Submit for my signature upon notice a decision embodying, without change of language, all findings made by me. All papers received by me, including copy pleadings, briefs, exhibits and filed papers, have been returned to the clerk, to whom all further papers should be handed in, with proof of service.

Judgment for defendant.